[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 21, 2003
THOMAS K. KAHN
CLERK

_____

No. 02-13539
Non-Argument Calendar

_____

BIA No. A36-109-126

JOSELITO DEL PILAR,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondents.

_____

Petition for Review of a Final Decision
of the Board of Immigration Appeals

_____

(February 21, 2003)

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Joselito Del Pilar petitions for review of a decision of the Board of

Immigration Appeals (BIA), reversing the immigration judge's (IJ's) grant of a

waiver of inadmissibility pursuant to former section 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (repealed 1996). In response, the government filed a motion to dismiss, arguing that we lack jurisdiction to review Del Pilar's petition, because (1) there is no final order of removal; and (2) Del Pilar falls within the class of criminal aliens for which 8 U.S.C. § 1252(a)(2)(C) explicitly prohibits judicial review of removal orders. As we agree that we do not have jurisdiction, we dismiss Del Pilar's petition.

BACKGROUND

Del Pilar, a native and citizen of the Philippines, was admitted to the United States as an immigrant in January of 1977. On April 24, 1992, he pled guilty to three counts of taking indecent liberties with children in violation of section 14-202.1 of the North Carolina Statutes and was sentenced to ten years of imprisonment. Based upon Del Pilar's criminal convictions, on February 15, 2001, the Immigration and Naturalization Service (INS) commenced removal proceedings against him, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony. Although the IJ found Del Pilar removable as charged, he granted Del Pilar's application for a

waiver of inadmissibility under former section 212(c).[1] The INS appealed, however, and the BIA reversed the IJ's grant of the waiver and remanded the case for the sole purpose of allowing Del Pilar to designate a country of removal. Thereafter, Del Pilar filed a petition with this Court for review of the BIA's decision. In response, the government filed a motion to dismiss Del Pilar's petition.

## DISCUSSION

### I.

As the removal proceedings against Del Pilar were commenced after April 1, 1997, the date the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) became effective, we apply "the permanent provisions of [the] INA as amended by IIRIRA, 8 U.S.C. § 1252" to this case. *Oguejiofor v. Attorney Gen.*, 277 F.3d 1305, 1308 (11th Cir. 2002) (per curiam). "[Section] 1252(a)(1) . . . vest[s] the courts of appeals with the authority to consider petitions challenging final orders commanding the removal of aliens from the United States." *Brooks v. Ashcroft*, 283 F.3d 1268, 1272 (11th Cir. 2002); *see* 8 U.S.C. §

---

[1]In *INS v. St. Cyr*, 533 U.S. 289, 326 (2001), the Supreme Court held that, although it was repealed in 1996, section 212(c) discretionary relief is available to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." As Del Pilar pled guilty in February of 1992, he was eligible to apply for section 212(c) relief.

3

1252(a)(1).  Yet, "[our] review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter" is limited to "judicial review of *a final order*."  8 U.S.C. § 1252(b)(9) (emphasis added).  An order of deportation becomes "final" upon a determination by the BIA or the expiration of the time within which an alien may seek review from the BIA.  *See* 8 U.S.C. § 1101(a)(47)(B)(i)–(ii).

Here, the BIA's order reversing the IJ's decision to grant Del Pilar section 212(c) relief amounted to an order that Del Pilar be removed.  Although this Court has no binding authority addressing whether the BIA's remand for the limited purpose of permitting Del Pilar to designate a country of removal rendered the removal order nonfinal, two of our sister circuits provide some guidance.  *See Castrejon-Garcia v. INS*, 60 F.3d 1359, 1361–62 (9th Cir. 1995) (finding that a BIA order reversing an IJ's grant of suspension of deportation and remanding the case "for a determination of voluntary departure in lieu of deportation" was a final order of deportation under former INA section 106a(a), 8 U.S.C. § 1105a(a) as nothing was pending before the BIA and "the petitioner had no reason or basis for appealing the [IJ's] decision in his favor"); *Perkovic v. INS*, 33 F.3d 615, 618–19 (6th Cir. 1994) (finding that a BIA order reversing an IJ's grant of asylum and remanding the case was a final order of deportation under § 1105a(a) and noting

4

that it was not "aware of [any] authority for the proposition that a [BIA] order rejecting an asylum application is not a final order unless a formal order of deportation has already been issued"). As all of the issues presented to us were subject to a final order by the BIA and there is nothing remaining for Del Pilar to appeal as the only thing left for the IJ to determine is the country to which Del Pilar will be removed, we find that the BIA's order constitutes a final order of removal.

## II.

Although the BIA's order is a final order of removal under § 1252(a)(1), our review of Del Pilar's petition is severely limited under § 1252(a)(2)(C). *Brooks*, 283 F.3d at 1272. Indeed, § 1252(a)(2)(C) precludes us from exercising "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" certain enumerated criminal offenses, including those covered in § 1227(a)(2)(A)(iii). 8 U.S.C. § 1252(a)(2)(C). Therefore, our review of Del Pilar's petition is limited to "whether [he] is (1) an alien (2) who is removable (3) based on a conviction for an aggravated felony." *Bahar v. Ashcroft*, 264 F.3d 1309, 1311 (11th Cir. 2001) (per curiam).

Here, it is uncontested that Del Pilar is an alien. Moreover, he is removable under § 1227(a)(2)(A)(iii) as an "alien who [wa]s convicted of an aggravated

felony." 8 U.S.C. § 1227(a)(2)(A)(iii); *see id.* § 1101(a)(43)(A) (defining the phrase "aggravated felony" as including the "sexual abuse of a minor").[2] Therefore, we are precluded from reviewing the BIA's decision.

## CONCLUSION

Accordingly, we do not have jurisdiction to review Del Pilar's petition. Thus, the government's motion to dismiss is hereby GRANTED.

DISMISSED.

---

[2]We previously have held "that the term 'sexual abuse of a minor' encompasses the North Carolina offense of taking indecent liberties with children." *Bahar*, 264 F.3d at 1313.