[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 26, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-14759 and 05-15973
Non-Argument Calendar

_____

Agency No. A90-920-577

ANTONIO GAMALIEL RUBIO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petitions for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 26, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Petitioner Antonio Galliel Rubio is a native and citizen of El Salvador. He entered the United States without authorization in 1981. He became a temporary resident in April 1988 and obtained permanent resident status in August 1990. On January 30, 1996, he pled guilty to the offense of burglary in the Superior Court of Gwinnett County, Georgia, and was sentenced to five-years confinement, to be served on probation after he completed a term of 90 to120 days in "Boot Camp." The Immigration and Naturalization Service ("INS") thereafter charged him with removability under Immigration and Naturalization Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien having been convicted of an aggravated felony.

At a removal proceeding before an Immigration Judge ("IJ"), Petitioner contended that he had not been convicted (in the Gwinnett County Superior Court) of an aggravated felony because his five-year sentence was a sentence of probation, rather than a suspended sentence, and therefore did not fall within the definition of "term of imprisonment" in INA § 101(a)(48)(G), 8 U.S.C. § 1101(a)(48)(G). Because he had not committed an aggravated felony, he argued, he was not removable. The IJ disagreed. The INA treats a burglary conviction as an aggravated felony if the term of imprisonment the court imposes is "at least one

year,"[1] and the term the court imposed in Petitioner's case was five years.[2] The IJ therefore found Petitioner removable. Having reached that decision, the IJ asked Petitioner if he wished to request any other form of relief (other than the denial of removal). He said no,[3] and the IJ ordered him deported to El Salvador.

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), and on January 31, 2002, it dismissed the appeal. In its order, the BIA addressed and rejected Petitioner's argument that his 1996 Gwinnett County conviction was not an aggravated felony (and therefore not a ground for removal) because, according to Petitioner, "his sentence to 5 years was a sentence to probation rather than a suspended sentence and, therefore, d[id] not fall within the definition of "term of imprisonment" in [INA §] 101(a)(48)(G)." The BIA agreed with the IJ's finding regarding Petitioner's sentence, observing that "the language

---

[1] INA § 101(a)(48)(G), 8 U.S.C. § 1101(a)(48(G), states:
(a) As used in this chapter –
. . . .
(43) The term "aggravated felony" means –
. . . .
(G) a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year.

[2] The IJ labeled Petitioner's conviction a "crime of violence" that amounted to an aggravated felony because Petitioner's sentence was for five years. The BIA, in its order dismissing Petitioner's appeal, eschewed the crime of violence label, and as we indicate infra, treated the crime as an aggravated felony under INA § 101(a)(48)(G), 8 U.S.C. § 1101(a)(48)(G).

[3] As a convicted felon, Petitioner evidently realized that he was ineligible for asylum or withholding of removal.

in the conviction document clearly states that [Petitioner] was sentenced to a 5-year period of confinement, most of which he was allowed to serve on probation. The fact that a portion of the . . . incarceration was suspended or probated is irrelevant for immigration purposes. *See* section 101(a)(48)(G) of the Act." Petitioner did not seek review of the BIA's decision dismissing his appeal. Accordingly, the merits of that decision are not before us.

The Government designated May 23, 2002, as the date of Petitioner's removal, and notified Petitioner's attorney that his client should report for removal on that date. Petitioner failed to appeal and became a fugitive. He remained such until he was arrested in September 2004. Following his apprehension, he filed a special motion with the BIA, pursuant to 8 C.F.R. § 1003.44, to reopen his removal proceedings to seek relief under former INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996) (hereafter § 212(c)), and to stay his removal pending the BIA's decision.[4] The BIA granted the stay on October 18, 2004.

On August 2, 2005, the BIA, relying on Matter of Blake, 23 I. & N. Dec. 722 (B.I.A. 2005), denied his motion. The BIA stated that to warrant reopening,

---

[4] In INS v. St. Cyr, 533 U.S. 289, 326, 121 S.Ct. 21271, 150 L.Ed.2d 347 (2001), the Supreme Court held that although § 212(c) was repealed in 1996, § 212(c) discretionary relief is available to aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." As Petitioner pled guilty in January 1996, he was eligible for § 212(c) relief if he met the requisites for the same.

Petitioner had to demonstrate that he was eligible to apply for § 212(c) relief; that

is, he had to establish that the ground on which he had been held removable, the

aggravated felony of burglary, had a corresponding ground of inadmissibility

under INA § 212(a), 8 U.S.C. § 1182(a). The BIA went to some length in

explaining the hurdle Petitioner faced:

> To be statutorily eligible for a section 212(c) waiver, the respondent
> must establish that section 212(a) of the Act, 8 U.S.C. § 1182(a),
> contains a ground of inadmissibility that is comparable to the grounds
> upon which he is removable, in this case for having been convicted of
> the aggravated felony of burglary as defined in section 101(a)(43)(G)
> of the Act, 8 U.S.C. § 1101(a)(43)(G). *Matter of Blake*, 23 I&N Dec.
> 722 (BIA 2005). . . . In *Matter of Blake . . .,* we recently held that the
> test for determining whether a ground of removability has a statutory
> counterpart in section 212(a) of the Act 'turns on whether Congress
> has employed similar language to describe substantially equivalent
> categories of offenses.' 23 I&N Dec. At 728. No provision in section
> 212(a) of the Act establishes inadmissibility for burglary or any
> comparable category of offenses. We recognize that burglary is a
> crime involving moral turpitude and thus a conviction therefore will
> render an alien inadmissible under section 212(a)(2)(A)(i)(I) of the
> Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I). Nonetheless, that fact does not
> establish comparability under the standard announced in *Matter of
> Blake*, *supra*. *Id.* at 729. The wide range of offenses that fall within
> the scope of section 212(a)(2)(A)(i)(I) of the Act simply does not
> compare in any way that can be described as substantially equivalent
> to the narrow category of burglary and theft offenses specified in
> section 101(a)(43)(G) of the Act. *Cf. Matter of Brieva*, 23 I&N Dec.
> 766 (BIA 2005) (holding that section 212(a) . . . does not contain a
> ground of inadmissibility that corresponds to the crime of violence
> ground of removability). Thus, we conclude that section 212(a) of the
> Act does not contain a ground of inadmissibility that is comparable to
> the grounds upon which the respondent is removable.

5

Because INA § 212(a), 8 U.S.C. § 1182(a), has no relevant statutory counterpart, the BIA held that Petitioner was not eligible for a § 212(c) waiver. It therefore denied his special motion for relief from the removal order.

On August 29, 2005, Petitioner petitioned this court to review the BIA's August 2 ruling. On September 29, the BIA denied his motion for reconsideration. On October 31, 2005, he petitioned this court to review the September 29 ruling. We consolidated the two petitions for review.

Prior to briefing, we asked the parties to address in their briefs the following questions:

1) Whether INA § 242(a)(C), 8 U.S.C. § 1252(a)(C), limits this court's jurisdiction over this petition for review. See Del Pilar v. Attorney General, 326 F.3d 1154, 1156 (11th Cir. 2003).

2) If INA § 242(a)(C) applies, address whether the specific constitutional challenges or questions of law, if any, raised by Petitioner, are reviewable. See 8 U.S.C. § 1252(a)(2)(D); Brooks v. Ashcroft, 283 F.3d 1268 (11th Cir. 2002).

3) If Petitioner seeks judicial review of the denial of discretionary relief, does INA § 242(a)(2)(B) preclude this court's jurisdiction if the Board of Immigration Appeals did not exercise any discretion in denying the requested relief?

We consider these questions in turn.

INA § 242(a)(C), 8 U.S.C. § 1252(a)(C), states, in pertinent part:

> (a) Applicable provisions
> . . . .
> (2) Matters not subject to judicial review
> . . . .

6

(C) Orders against criminal aliens
Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered by section 1182(a)(2) or 1227(a)(2)(A)(iii) . . . of this title. . . .

Section 1227(a)(2)(A)(iii) states, in pertinent part:

(a) Classes of deportable aliens
Any alien . . . in and admitted to the United States shall, upon the order of the Attorney General, be removed if the alien is within one or more of the following classes of deportable aliens:
. . . .
(2) Criminal offenses
(A) General crimes
. . . .
(iii) Aggravated felony

In Del Pilar, the court considered the scope of its review for someone standing in Petitioner's shoes. We said that "our review . . . is limited to 'whether [he] is (1) an alien (2) who is removable (3) based on a conviction for an aggravated felony.' *Bahaar v. Ashcroft*, 264 F.3e 1309, 1311 (11th Cir. 2001) (per curiam)." 326 F.3d at 1157. As was the case with the petitioner in Del Pilar, Petitioner is an alien who is removable under § 1227(a)(2)(A)(iii) for having committed an aggravated felony. The answer to the first question, then, is that we lack jurisdiction to review the challenged BIA orders unless, in response to the second question, Petitioner has presented constitutional challenges or questions of

7

law.[5] We find nothing in Petitioner's brief that could be considered a constitutional challenge. He does present this legal issue, however: whether the BIA's reliance on <u>Blake</u> in denying his special motion to reopen and his motion for reconsideration was inconsistent with the Supreme Court's decision in <u>INS v. St. Cyr</u>, 533 U.S. 289, 121 S.CT. 2271, 150 L.Ed.2d 347 (2001). The Government concedes that Petitioner's aggravated felony conviction did not, standing alone, bar him from eligibility for § 212(c) relief and contends that the BIA's reliance on <u>Blake</u> was not inconsistent with <u>St. Cyr</u>.

As indicated in the above quotation from the BIA's decision denying Petitioner § 212(c) relief, in <u>Blake</u>, the BIA held that "the test for determining whether a ground of removability has a statutory counterpart in [INA §] 212(a) 'turns on whether Congress has employed similar language to describe substantially equivalent categories of offenses.'" Using that test, the BIA concluded that no provision in INA § 212(a), 8 U.S.C. § 1182(a), "establishes inadmissibility for burglary or any comparable category of offenses." Given this failure of comparability, the BIA concluded that Petitioner was ineligible for a § 212(c) waiver. The legal question Petitioner presents thus boils down to whether

---

[5] INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D), states, in pertinent part: "Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals. . . ."

the BIA erred when it relied on <u>Blake</u> to deny relief. Or, put another way, did the BIA err in finding that the ground for which Petitioner was deported, the aggravated felony of burglary, was not substantially equivalent to a ground of inadmissibility cited in INA § 212(a), 8 U.S.C. § 11982(a)? We are obliged to defer to the BIA's reasonable interpretation of the INA. See <u>Assa'ad v. U.S. Att'y Gen.</u>, 332 F.3d 1321, 1326 (11th Cir. 2003). The <u>Blake</u> comparability test seems to us to be a reasonable interpretation of the relevant INA provisions. Moreover, we see nothing in <u>Blake</u>'s rationale or holding that is inconsistent with the Supreme Court's decision in <u>St. Cyr</u>. We therefore reject Petitioner's legal challenge to the BIA rulings under consideration.

This brings us to the third question, which concerns the application of INA § 242(a)(2)(D). The Government concurs with the assertion at page v of Petitioner's brief, that "[T]he Attorney General exercised no discretion in denying the requested relief. The Board of Immigration appeals, the Attorney General's delegatee, simply ruled that Petitioner was not eligible for the relief sought." In light of this concession, our treatment of the first two questions ends our review.

For the reasons stated, the BIA's decisions denying Petitioner's special motion and motion for reconsideration are

AFFIRMED.