[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13830
Non-Argument Calendar

_____

BIA No. A36-545-160

ANDREW LEE DYER,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 20, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Jamaica. As the result of his convictions in the Polk County, Florida Circuit Court on February 18, 1991, May 24, 1991, and July 1, 1994, the Immigration and Naturalization Service ("INS") commenced removal proceedings against petitioner, alleging that he had been convicted of two crimes of moral turpitude (on February 18 and May 24, 1991) and an aggravated felony (on July 1, 1994). On December 15, 1998, an Immigration Judge ("IJ") found that no relief from removal was available to petitioner and ordered him removed to Jamaica. On May 6, 1999, the Board of Immigration Appeals ("BIA") affirmed the IJ's decision, and on May 12, 1999, petitioner was removed to Jamaica.

In June 2003, petitioner reentered the United States illegally. In February 2004, he was convicted the United States District Court for the Middle District of Florida of violating 8 U.S.C. § 1326(a) (reentry of deported alien previously convicted of an aggravated felony) and sentenced to prison for 57 months. On December 16, 2004, he petitioned the United States District Court for the Middle District of Pennsylvania (the district in which he was in federal custody), seeking relief from his conviction and the BIA's May 6, 1999 decision affirming the IJ's removal order of December 15, 1998. The district court dismissed the petition to the extent that it challenged his § 1326(a) conviction and transferred the part of the

2

petition seeking review of the removal order to this court. <u>See</u> REAL ID Act of 2005 ("RIDA"), Pub.L.No. 109-13, § 106(c), 119 Stat. 231, 311.

In his habeas petition, petitioner contends

(1) that IJ failed to inform him of "his right to eligible relief" from removal, in violation of his right to due process; specifically, the IJ failed to inform him that he was eligible for discretionary relief from removal pursuant to Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c) (repealed), because his plea of guilty to one of his three Polk County offenses occurred before § 212(c) was repealed;

(2) that his counsel was ineffective because he failed to present evidence of petitioner's mental illness at the removal hearing and failed to "offer plausible grounds of relief which might have been available";

(3) that he established a <u>prima</u> <u>facie</u> case for asylum and withholding of removal under the INA, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"); and

(4) that the BIA's denial of discretionary relief was a violation of his rights under the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et</u> <u>seq</u>.

3

After receiving the instant petition, we instructed the parties to address three jurisdictional questions;[1]

> (1)    Whether [INA] § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), limits this court's jurisdiction to review the petition. See Del Pilar v. Attorney General, 326 F.3d 1154, 1156 (11th Cir. 2003).
>
> (2)    If INA § 242(a)(2)(C) applies, whether the specific constitutional challenges or questions of law, if any, raised by petitioner, are reviewable. See 8 U.S.C. § 1252(a)(2)(D); Brooks v. Ashcroft, 283 F.3d 1268, 1273-75 (11th Cir. 2002).
>
> (3)    If petitioner seeks judicial review of the denial of discretionary relief, does INA § 242(a)(2)(B) , 8 U.S.C. § 1252(a)(2)(B), preclude this court's jurisdiction if the BIA did not exercise any discretion in denying the requested relief?

As amended by the Illegal Immigration Reform and Immigrant Responsibility Act, INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), precludes us from exercising "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony, as covered in INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).  Our review of a criminal alien's petition is therefore restricted to "whether he is (1) an alien (2) who is removable (3) based on a conviction for an aggravated felony." Del Pilar v. Attorney General, 326 F.3d 1154, 1157 (11th Cir. 2003) (quotation and alteration

---

[1] In its brief, the Government raises two additional jurisdictional issues: (1) whether the petition was timely, and (2) whether we are barred from exercising subject-matter jurisdiction to review the petition pursuant to 8 U.S.C. § 1231.  The petition was timely pursuant to RIDA § 106(c), which provides that the customary 30-day time period for filing a petition for review under INA § 242(b)(1), 8 U.S.C. § 1252(b)(1), does not apply to transferred § 2241 petitions. Because there is no evidence in the record to show that the December 15, 1998 order of removal was reinstated, we need not address the second jurisdictional issue.

4

omitted). Aggravated felonies include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).[2]

Despite the jurisdictional limitations of INA § 242(a)(2)(C), "[n]othing in subparagraph (B) or (C), or in any other provision of this Act (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals." INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(D). Similarly, INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) "does not preclude review of non-discretionary legal decisions that pertain to statutory eligibility for discretionary relief." Gonzalez-Oropeza v. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

The record indicates that the BIA exercised no discretion in denying petitioner's claims for relief from removal. The BIA determined that petitioner was ineligible for statutory relief from removal due to his status as an aggravated felon. Because he was removed following a conviction for an aggravated felony, we lack jurisdiction to review his petition and dismiss it. Although we retain limited jurisdiction to review any legal or constitutional questions raised in his petition, the

---

[2] Petitioner's May 24, 1991 conviction was for burglary and possession of burglary tools. He was sentenced to prison for a period of 36 to 42 months. His July 1, 1994 conviction was for robbery and criminal mischief, for which he was sentenced to prison for nine years.

5

legal and constitutional claims in his petition are without merit. We accordingly deny the petition as to these claims.

PETITION DISMISSED, in part, DENIED in part.