[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16612
Non-Argument Calendar

_____

BIA No. A41-652-288

KEVIN DAVID JOHNSON,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 21, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Jamaica.  He was admitted into the

United States as a lawful permanent resident on April 24, 1998. On February 8, 2005, he was convicted of possession of cocaine in a Florida circuit court and sentenced to drug offender probation for three years. In a Notice to Appear filed on May 31, 2005, petitioner was charged with removability pursuant to (1) Immigration and Naturalization Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), an offense relating to the illicit trafficking in a controlled substance, and (2) INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of a controlled substance.

Petitioner appeared as required on June 7, 2005. Petitioner told the Immigration Judge ("IJ") that he had an attorney, but that the attorney could not be there. At petitioner's request, the IJ rescheduled the hearing. The IJ rescheduled the hearing for the same reason – failure of counsel to appear – on two subsequent occasions. At the fourth hearing, convened on July 19, 2005, petitioner told the IJ that he had an attorney, but was trying to hire another attorney and needed more time. The IJ, in response, said "we've been playing with the attorney game for a long time. So, I'm going to proceed."

During the hearing, petitioner admitted the factual allegations contained in the Notice to Appear, including his February 8, 2005 conviction for possession of cocaine, and conceded both charges of removability. At the conclusion of the

2

hearing, the IJ ordered petitioner removed.

Petitioner, represented by counsel, appealed the order to the Board of Immigration Appeals ("BIA"), contending that the IJ erred in going forward with the removal hearing after he stated that he had an attorney. On November 7, 2005, the BIA issued a decision dismissing the appeal. In its decision, the BIA noted that the IJ held the July 19 hearing without petitioner having explicitly waived his right to counsel, but found that the IJ's action in going forward with the hearing had caused petitioner no prejudice. The BIA found no prejudice because petitioner was afforded a fair hearing and admitted both charges of removability. Petitioner now seeks review of the BIA's decision in this court.

Petitioner contends that this court has jurisdiction to review his petition because he raises a constitutional claim, namely, a due process claim. The IJ denied him due process by holding the hearing in counsel's absence and without obtaining petitioner's knowing and voluntary waiver of his right to the presence of counsel.

As an initial matter, we must address our jurisdiction to review this petition. Concluding that jurisdiction is present, we move in due course to petitioner's due process claim.

I.

It is clear that we lack jurisdiction "to review any final order of removal

3

against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), or (D) of this title . . . ." See 8 U.S.C. § 1252(a)(2)(C). Thus, we are without jurisdiction to review the instant removal order based on petitioner's conviction of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii). We do have limited jurisdiction, though, to review whether the petitioner is "(1) an alien (2) who is removable (3) based on a conviction for an aggravated felony." Del Pilar v U.S. Att'y Gen., 326 F.3d 1154, 1157 (11th Cir. 2003). Petitioner does not dispute that he is an alien who is removable for having been convicted of an aggravated felony. Thus, after observing this, our jurisdiction under § 1252(a)(2)(C) ends.

Despite the jurisdictional limitations of § 1252(a)(2)(C), nothing in § 1252 precludes our review of constitutional claims or questions of law raised in a properly filed petition for review. 8 U.S.C. § 1252(a)(2)(D); Balogun v. U.S. Att'y Gen., 425 F.3d 1356, 1359 (11th Cir. 2005) (holding that the REAL ID Act gave this court jurisdiction to review a criminal alien's petition for review of an order of removal raising a question of law). In short, we have jurisdiction to review the instant petition to the extent that it presents the constitutional argument that petitioner was deprived of due process of law. See Balogun, 425 F.3d at 1360.

II.

Petitioner asserts that the IJ denied him due process by not granting a

4

continuance. As noted above, the IJ granted three continuances to allow him to obtain counsel. After affording him these continuances and without petitioner having shown that circumstances had changed, we could hardly say that the IJ abused his discretion in denying still another continuance. See Zafar, 426 F.3d at 1336 (finding no abuse of discretion when it was clear that the petitioner would not succeed in the endeavor–changing his immigration status–for which he sought the continuance). Moreover, as will be shown below, even if the IJ had granted the continuance and petitioner's counsel had been present, the outcome would not have been different. Accordingly, the only additional issue properly before us is the BIA's denial of petitioner's due process claim.

A removal proceeding such as the one at hand is a civil proceeding. Hence, the alien is not entitled to a Sixth Amendment right to counsel. He does, however, have the right under the Fifth Amendment Due Process Clause to a fundamentally fair hearing and to effective assistance of counsel where counsel has been obtained. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273-74 (11th Cir. 2005). "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice." Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341-42 (11th Cir. 2003).

In this case, petitioner fails to make out a due process violation because he

5

suffered no prejudice. He conceded the facts stated in the Notice to Appear, and the brief his attorney submitted to the BIA conceded that petitioner was convicted of an aggravated felony. Petitioner did not argue before the BIA, nor does he make any argument here, that he suffered any prejudice. In sum, he fails to demonstrate that the presence of counsel at his removal hearing would have affected the outcome of the proceeding.

PETITION DENIED.