[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12355

_____

BIA No. A14-700-378

PERRY DILLAN KALIL,
a.k.a. Perry Dylan Edward Kalil,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 3, 2006)**

Before EDMONDSON, Chief Judge, and BARKETT and COX, Circuit Judges.

PER CURIAM:

Perry Dillan Kalil, a.k.a. Perry Dylan Edward Kalil,[1] petitions for review of a final removal order entered by an Immigration Judge (IJ) based on three prior convictions in state court — a 1995 conviction for attempting to purchase cocaine, a 2001 conviction for possession of marijuana, and a 2001 conviction for violating a protective court order in a domestic violence case.[2]

The former INS initiated removal proceedings against Kalil, charging that he was removable on several grounds pertaining to these three convictions: First, the INS argued that his 1995 and 2001 drug convictions each constituted an "aggravated felony," which would make him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Second, the INS maintained that Kalil's 1995 drug possession conviction was for "a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country <u>relating to</u> a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana," which rendered him removable under 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). Third, the INS contended that Kalil's 2001 conviction for violating a protective

---

[1] Kalil, a native and citizen of the Republic of South Africa, is a lawful, permanent resident of the United States who was legally admitted into the country in September 1965.

[2] In his Response Brief, the Attorney General notes various other arrests and charges against Kalil, including one conviction that was later vacated. Our consideration here, however, goes only to those offenses that formed the basis for Kalil's removability — to the 1995 and 2001 convictions noted in the text.

order in a domestic violence case constituted an independent basis for removal pursuant to 8 U.S.C. § 1227(a)(2)(E)(ii).[3] Critically, Kalil is removable unless he obtains relief from <u>each</u> of these three grounds for removal.[4]

The IJ found that he was not entitled to relief on any of these grounds. The IJ's decision was affirmed without opinion by the Board of Immigration Appeals (BIA), from which Kalil filed this timely petition for review. The Attorney General initially moved to dismiss the petition for lack of jurisdiction, but a different panel of this court rejected that argument in an unpublished order, and sustained our jurisdiction under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. See <u>Kalil v. U.S. Att'y Gen.</u>, No. 05-12355 (11th Cir. Dec. 16, 2005) (mem.).

**DISCUSSION**

To demonstrate his eligibility for relief from all three grounds for removal, Kalil argues that neither the 1995 nor the 2001 drug convictions are, in fact,

---

[3] That section provides that "Any alien who at any time after admission is enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats of violence, repeated harassment, or bodily injury to the person or persons for whom the protection order was issued is deportable." 8 U.S.C. § 1227(a)(2)(E)(ii). The provision is limited to domestic violence cases: "For purposes of this clause, the term 'protection order' means any injunction issued for the purpose of preventing violent or threatening acts of domestic violence, including temporary or final orders issued by civil or criminal courts (other than support or child custody orders or provisions) whether obtained by filing an independent action or as a pendente lite order in another proceeding." <u>Id</u>.

[4] Although Kalil has consistently challenged his removability for the two drug convictions, he conceded before the IJ that he was removable on the basis of his 2001 conviction for violating a protective order, and contested only whether he was eligible for cancellation with respect to that ground of removability.

"aggravated felonies." He then argues that the 2001 domestic violence conviction would not preclude him from obtaining cancellation of removal, so long as neither of the other convictions were aggravated felonies.[5] As to the 1995 conviction, Kalil argues that he should be permitted to seek discretionary relief from deportation pursuant to former section 212(c) of the INA,[6] which, in his view, would remove his 1995 drug conviction from consideration as an "aggravated felony." He then argues that the 2001 drug conviction is not itself an "aggravated felony." If neither drug conviction is an "aggravated felony," Kalil argues that he is entitled to seek cancellation of removal pursuant to section 240A(a) of the INA, 8 U.S.C. § 1229b(a), with respect to the 2001 conviction for violating a court order, because it is clearly not an "aggravated felony." Kalil also argues that the BIA's summary

---

[5] Under the cancellation statute,

> The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien—
> (1)     has been an alien lawfully admitted for permanent residence for not less than 5 years,
> (2)     has resided in the United States continuously for 7 years after having been admitted in any status, and
> (3)     has not been convicted of any aggravated felony.

8 U.S.C. § 1229b(a) (emphasis added).

[6] In INS v. St. Cyr, 533 U.S. 289 (2001), the Supreme Court held that, even though section 212(c) had been repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), relief under it remained available to aliens who would have been eligible for such relief on the date of their conviction. Thus, where, as here, the date of the relevant underlying conviction pre-dated the effective date of IIRIRA, relief from deportation under former section 212(c) remains available. See, e.g., Del Pilar v. U.S. Att'y Gen., 326 F.3d 1154, 1156 n.1 (11th Cir. 2003) (per curiam).

4

affirmance of the IJ violated both his due process rights and the BIA's own regulations. We deny the petition for review because we conclude that even if we assume that Kalil could proceed simultaneously for relief under sections 212(c) and 240A(a) and could prevail under former section 212(c) for the 1995 drug conviction, that conviction remains an "aggravated felony" for purposes of the cancellation statute, section 240A(a).

There is no factual dispute that Kalil was convicted of committing the 1995 offense. Moreover, it cannot be disputed as a legal matter that the 1995 drug offense constituted an aggravated felony because Kalil did not challenge the IJ's conclusion to that effect in his opening brief.[7] As such, Kalil has waived any argument to the contrary, <u>viz</u>., that the 1995 drug conviction was <u>not</u> an "aggravated felony." <u>See, e.g.</u>, <u>Peebles v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 431 F.3d 1320, 1326 n.4 (11th Cir. 2005) (arguments not raised in opening briefs on appeal are waived); <u>United States v. Nealy</u>, 232 F.3d 825, 830-31 (11th Cir. 2000) (same).

Rather, in his opening brief, Kalil argued only that his entitlement to relief

_____

[7] Kalil challenges his <u>deportability</u> on the basis of the 1995 conviction, and challenges whether the 2001 drug possession conviction was an aggravated felony, but does not argue in his opening brief that the 1995 conviction itself was not an aggravated felony. Kalil nevertheless maintains that he presented this argument to the IJ, and was not required to exhaust his administrative remedies because the BIA streamlined his appeal. Whether or not that is true, he must still preserve the argument in his opening brief before <u>this</u> court, and has irrevocably waived it by not doing so here.

5

under former section 212(c) would have the effect of expunging the 1995 conviction from consideration as an aggravated felony. But this argument misstates the effect of former section 212(c). As the BIA has explained, "[t]he grant of a section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself. Therefore, the crimes alleged to be grounds for deportability do not disappear from the alien's record for immigration purposes." Matter of Balderas, 20 I. & N. Dec. 389, 391 (BIA 1991); see Rodriguez-Munoz v. Gonzales, 419 F.3d 245, 248 (3d Cir. 2005) ("[E]ven if Rodriguez-Munoz's deportation based on his 1992 conviction were waived under § 212(c), that conviction would nonetheless remain an aggravated felony for purposes of precluding his application for cancellation of removal under § 240A."); see also Molina-Amezcua v. INS, 6 F.3d 646, 647 (9th Cir. 1993) ("A waiver of deportation gives the alien a chance to stay in the United States despite his misdeed, but it does not expunge the conviction.").

That is, even assuming Kalil's eligibility for a waiver under former section 212(c) of his removability for the 1995 drug conviction, the waiver only "waives" his removability (or deportability, under former section 212(c)), and does not waive or otherwise vitiate the IJ's legal conclusion that his 1995 conviction was an "aggravated felony" pursuant to 8 U.S.C. § 1101(a)(43). In short, relief under former section 212(c) alters the consequences — not the characterization — of

6

Kalil's underlying 1995 conviction.

Because his 1995 conviction was thus an "aggravated felony," Kalil cannot meet the statutory criteria for cancellation of removal with respect to his 2001 conviction for violating a protective order. He is therefore removable whether or not his 2001 conviction for drug possession was, in fact, an "aggravated felony."[8]

Lastly, Kalil maintains that the BIA's decision to "streamline" his appeal violated both his due process rights and the BIA's own internal regulations. Our precedents foreclose these claims. See Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1288-89 (11th Cir. 2003) (holding that the BIA's streamlining decision does not implicate a petitioner's due process rights); Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332-33 (11th Cir. 2003) (per curiam) (holding that the BIA did not violate its regulations by streamlining a particular case).[9]

**PETITION DENIED**.

---

[8] We therefore need not reach whether the crime of simple drug possession under state law can constitute an "aggravated felony" under federal law, a variation of which is presently pending before the Supreme Court in a pair of cases to be decided during the 2006 Term. See Lopez v. Gonzalez, No. 05-547, 126 S. Ct. 1651 (2006) (mem.); Toledo-Flores v. United States, No. 05-7664, 126 S. Ct. 1652 (2006) (mem.).

[9] Although we believe that Gonzalez-Oropeza controls the result here, it bears noting that the doctrinal rule for which it stands is not categorical, but rather requires a case-by-case ascertainment of whether the three criteria required for streamlining by the operative regulation, 8 C.F.R. § 1003.1(e)(4), are satisfied. Here, as in Gonzalez-Oropeza, we are convinced that they are. We therefore do not reach the question of whether a streamlining decision where any of the three criteria were not met would give rise to actionable relief. But see, e.g., Chen v. Ashcroft, 378 F.3d 1081, 1087 (9th Cir. 2004) (granting a petition for review because the BIA lacked authority to streamline petitioner's appeal).