[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2006
THOMAS K. KAHN
CLERK

No. 06-10950
Non-Argument Calendar

_____

BIA No. A71-527-786

SHELLY PETIT-FRERE,
a.k.a. Herby Petitfrere,
a.k.a. Sherly Petit-Frere,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 26, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Shelly Petit-Frere, a citizen and national of Haiti proceeding pro se, petitions for our review of the final order of the Board of Immigration Appeals (BIA), which affirmed the immigration judge's (IJ's) order denying asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). We issued jurisdictional questions for the parties to address, including whether we have jurisdiction to hear Petit-Frere's petition because of his criminal convictions, see INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), and, if § 242(a)(2)(C) applies, whether any constitutional challenges or questions of law raised by Petit-Frere are reviewable. After careful review, we dismiss the petition in part and deny it in part.[1]

On July 7, 2005, the Department of Homeland Security ("DHS") issued a Notice to Appear ("Notice") to Petit-Frere, who had been admitted to the United States as a child asylee in 1988, charging him with removability for having been convicted of (1) carrying a firearm, in violation of the INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C); (2) violating a law relating to a controlled substance, in violation of INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i); and (3) an aggravated felony, in violation of INA § 237(a)(2)(A)(iii), 8 U.S.C. §

---

[1]Petitioner's motion to supplement the administrative record is DENIED. We cannot consider supplements to the record, as we are bound to decide this case on the record that was before the Board of Immigration Appeals. See INA § 242(b)(4)(A), 8 U.S.C. § 1252(b)(4)(A).

1227(a)(2)(A)(iii). According to the Notice, in June 1995, Petit-Frere was convicted in Florida of carrying a concealed firearm, and in February 1999, he was convicted, again in Florida, of possession of cocaine with intent to sell.

Petit-Frere filed an application for cancellation of removal, as well as an application seeking asylum, withholding of removal, and CAT relief. At his first removal hearing, he admitted his convictions and the IJ found that removability was established because Petit-Frere was an alien, and his conviction for possession of cocaine with intent to sell was an aggravated felony, precluding cancellation of removal under INA § 212(c), 8 U.S.C. § 1182(c). Thereafter, the DHS provided Petit-Frere with notice of its intent to terminate his asylum status because of his criminal conviction for possession of cocaine with intent to sell.

After a second removal hearing, at which the IJ heard the testimony of Petit-Frere's brother and considered supporting evidence submitted by the parties, the IJ denied Petit-Frere's application for asylum, withholding of removal, CAT relief, and cancellation of removal. The IJ concluded that Petit-Frere's conviction for possession of cocaine with intent to sell was an aggravated felony, thereby making him statutorily ineligible for asylum. The IJ also determined that the conviction was for a "particularly serious crime," so that the only type of relief for which Petit-Frere would qualify was CAT relief. Finally, the IJ found that Petit-Frere did

3

not qualify for CAT relief because he did not prove that he was, or ever would be, tortured.

The BIA adopted and affirmed the IJ's decision, finding Petit-Frere removable as charged and denying his application for protection from removal under CAT. More specifically, the BIA stated that it found no error in the IJ's determinations that (1) Petit-Frere's cocaine conviction was an aggravated felony, and (2) Petit-Frere was convicted of a particularly serious crime that limited his eligibility for relief to that under CAT. The BIA went on to note that an alien convicted of an aggravated felony is statutorily barred from seeking asylum, and one convicted of a particularly serious crime is precluded from seeking withholding of removal. Finally, the BIA also affirmed the IJ's finding that there was no evidence that Petit-Frere would be tortured if he returned to Haiti. This appeal followed.

We issued the following jurisdictional questions to the parties:

(1)     Whether INA § 242(a)(2)(C) , 8 U.S.C. § 1252(a)(2)(C) limits this Court's jurisdiction over this petition for review. See Del Pilar v. Attorney General, 326 F.3d 1154, 1156 (11th Cir. 2003).

(2)     If INA § 242(a)(2)(C) applies, whether the specific constitutional challenges or questions of law, if any, raised by petitioner, are reviewable. See 8 U.S.C. § 1252(a)(2)(D); Balogun v. Attorney General, 425 F.3d 1356, 1359 (11th Cir. 2005).

(3)     If Petitioner seeks judicial relief of the denial of discretionary relief, does INA § 242(a)(2)(B)(ii) preclude this Court's jurisdiction.

4

Under the INA, we lack jurisdiction to review the final removal order of an alien who is removable for having committed (1) an "aggravated felony," or (2) an offense "relating to a controlled substance," as that term is defined by § 802 of the INA. See INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii); INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i). The term "aggravated felony" includes "illicit trafficking in a controlled substance," INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). Moreover, a "controlled substance," as defined by the Controlled Substances Act, 21 U.S.C. §§ 802(6), 812 (a)(4), includes cocaine.[2] The term "aggravated felony" also includes possession of a firearm by an alien who has been admitted to the United States under a non-immigrant visa. See INA § 101(a)(43)(E)(ii), 8 U.S.C. § 1101(a)(43)(E)(ii); 18 U.S.C. § 922(g)(5).

If our review of a final removal order is barred because of an alien's criminal conviction, our jurisdiction is narrowed to reviewing only whether the petitioner is "(1) an alien (2) who is removable (3) because he committed a criminal offense enumerated in the statute." Resendiz-Alcaraz v. U.S. Att'y Gen., 383 F.3d 1262, 1266 (11th Cir. 2004) (internal quotations and citations omitted).

---

[2]Cf. United States v. Simon, 168 F.3d 1271, 1272 (11th Cir. 1999) (holding that for a drug offense to fit within the definition of an "aggravated felony," the offense must (1) be punishable under the Controlled Substances Act, and (2) be a felony).

5

Petit-Frere was ordered removed because of his conviction for possessing a firearm, pursuant to INA § 237(a)(2)(C), 8 U.S.C. § 1227(a)(2)(C); his conviction for possession of cocaine with intent to sell, pursuant to INA § 237(a)(2)(B), 8 U.S.C. § 1227(a)(2)(B); and for committing an aggravated felony, pursuant to § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). Thus, it is plain, based on any one of these grounds, that § 1252(a)(2)(C)'s bar to our review applies and we may determine only whether Petit-Frere is a removable alien because he committed a criminal offense enumerated in the INA. See Resendiz-Alcaraz, 383 F.3d at 1266.

At Petit-Frere's removal hearing, it was established that he was an alien. As for whether he is removable because of his commission of a criminal offense enumerated in the INA, we are unpersuaded by Petit-Frere's argument that his drug conviction does not fit within the definition of an "aggravated felony," under the INA. Again, an aggravated felony includes "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). Section 924(c) of Title 18, in turn, defines a "drug trafficking crime" as any felony punishable under the Controlled Substances Act, 21 U.S.C. 801, et. seq. Cocaine is included as a controlled substance, pursuant to 21 U.S.C. §§ 802(6), 812 Schedule II(a)(4). Moreover, the record indicates that the drug offense for which Petit-Frere was convicted was classified as a felony in Florida. Contrary to Petit-Frere's

6

argument, the foregoing provisions of the INA and the Controlled Substances Act do not require a certain amount of cocaine to be involved in order for the crime to be classified as a drug trafficking offense or an aggravated felony. Simply put, Petit-Frere's conviction for possessing two grams of cocaine was punishable under the Controlled Substances Act and was a felony, and thus was an "aggravated felony," as defined by INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). Accordingly, the IJ's and the BIA's determinations that Petit-Frere had criminal convictions making him removable under the INA were not erroneous, and we lack jurisdiction to review his petition.

While it is true that we cannot review many of the arguments Petit-Frere asserts in his petition for review due to the jurisdiction-stripping provisions of the INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C), we nonetheless retain jurisdiction to consider constitutional claims or questions of law arising out of his removal proceedings. See INA § 242(a)(2)(D), 8 U.S.C. § 1252(a)(2)(D). Petit-Frere argues that the following issues are substantial constitutional questions or questions of law that are reviewable, pursuant to INA § 242(a)(2)(D), U.S.C. § 1252(a)(2)(D): (1) his procedural due process rights were violated because he was charged as an aggravated felon without having first been adjudicated guilty of violating the Controlled Substance Act; (2) his substantive due process rights have been violated because removing an alien, who has lived here for 18 years, based on

7

a conviction for possession of cocaine with intent to sell is too harsh and "shocks the conscience"; and (3) his equal protection rights have been violated because states vary on the amount of a controlled substance required to charge an individual with a trafficking offense. We are unpersuaded by any of these claims.

First, Petit-Frere's procedural due process claim fails because, as we have discussed above, the IJ properly determined that he had committed an aggravated felony, thereby making him removable under the INA § 242(a)(2)(C), 8 U.S.C. § 1252(a)(2)(C). Second, his substantive due process claim fails because he has not shown that Congress's decision to exclude aliens who are aggravated felons, such as himself, is irrational. Cf. United States v. Plummer, 221 F.3d 1298, 1308-09 (11th Cir. 2000) ("Under our substantive due process jurisprudence, a statute or regulation will be upheld so long as it is rationally related to a lawful governmental purpose and is not unlawfully arbitrary or discriminatory."). Finally, we discern no equal protection violation in the statutory framework that applies to this case.

The record indicates that neither the IJ nor the BIA exercised discretion in denying Petit-Frere's claims for relief from removal. The BIA determined that Petit-Frere was ineligible for statutory relief from removal due to his status as an aggravated felon. Because he was removed following a conviction for an aggravated felony, we lack jurisdiction to review his petition and dismiss it.

8

Although we retain limited jurisdiction to review any legal or constitutional questions raised in his petition, the legal and constitutional claims in his petition are without merit. We accordingly deny the petition as to these claims.

**DISMISSED IN PART AND DENIED IN PART.**