[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11120
Non-Argument Calendar

_____

Agency No. A200-259-037

AGUSTIN CAMPOS RUIZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 30, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Agustin Campos Ruiz petitions this Court to review the order issued by the Board of Immigration Appeals ("BIA") remanding his interlocutory appeal back to the immigration judge. After finding that the immigration judge was unable to terminate the removal proceedings without the concurrence of the Department of Homeland Security ("DHS"), the BIA returned the administrative record to the immigration judge for further consideration. This Court issued a jurisdictional question to the parties, which was carried with the case. Because no final order of removal exists in this case, we lack jurisdiction to review the BIA's order and dismiss Campos Ruiz's petition.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[1]

On September 28, 2016, Campos Ruiz's removal case was administratively closed due to the exercise of prosecutorial discretion, which DHS did not oppose.[2] Campos Ruiz subsequently filed for a Form I-601A provisional waiver ("I-601A waiver"), which was approved on July 15, 2019. He then filed a motion to recalendar and terminate the proceedings based on the approved I-601A waiver. DHS, however, opposed the termination of proceedings. In December 2019, the immigration judge denied the motion to terminate proceedings, granted the motion

---

[1] The background of this case is based on the limited administrative record before us.

[2] In the appendix to his initial brief, Campos Ruiz submitted documents not contained in the administrative record provided to us. Because "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A), we are unable to consider documents that are not part of the administrative record.

to recalendar, and set a hearing for March 2020. Campos Ruiz filed an appeal of the immigration judge's decision to the BIA.

On February 26, 2020, the BIA issued an order returning the administrative record to the immigration judge. The BIA explained that Campos Ruiz filed an interlocutory appeal and that ordinarily it did not entertain interlocutory appeals, except "to address significant jurisdictional questions about the administration of immigration laws, or to correct recurring problems in the handling of cases by Immigration Judges." The BIA also explained that the "[e]lectronic records reveal that removability [was] established in this case" and that "[o]nce removability has been established, an Immigration Judge may not terminate proceedings without the concurrence of DHS."

Campos Ruiz then filed this petition for review of the BIA's decision. Following his petition, we issued a jurisdictional question to the parties, asking whether we had jurisdiction to review the BIA's order. In response, the government argued that we lacked jurisdiction and urged us to dismiss Campos Ruiz's petition. We carried the jurisdictional issue forward with the case.

## II.    STANDARD OF REVIEW

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the immigration judge's decision." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016). We determine *de novo* whether

3

we have subject matter jurisdiction over an order issued by the BIA. *Guzman-Munoz v. U.S. Att'y Gen.*, 733 F.3d 1311, 1313 (11th Cir. 2013).

## III.  ANALYSIS

On appeal, Campos Ruiz argues that the BIA erred in finding that it was unable to terminate his removal proceedings.  Before we can address the merits of Campos Ruiz's petition, however, we must first determine as a threshold matter whether we have subject matter jurisdiction over his petition. *See id.*

Under 8 U.S.C. § 1252(a)(1), we have jurisdiction to review final orders of removal. *Accord Patel v. U.S. Att'y Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003). Section 1252(b)(9) further provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."  "[A] 'final order of removal' is a final order 'concluding that the alien is deportable or ordering deportation.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1690 (2020) (quoting 8 U.S.C. § 1101(a)(47)(A)).

Additionally, "[a]n order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final: (a) Upon dismissal of an appeal by the [BIA]." 8 C.F.R. § 1241.1; *accord Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005).  Thus, a BIA's order is generally considered non-final when the BIA remands to the immigration judge for further proceedings.  On

4

occasion, however, we have found certain decisions "so closely tied to the removal of the alien that it can be deemed—in conjunction with the referral to the immigration judge—as a final order of removal subject to § 1252(a)(1)." *See, e.g.*, *Nreka v. U.S. Att'y Gen.*, 408 F.3d 1361, 1367 (11th Cir. 2005) (determining that there was jurisdiction to review an order denying asylum and withholding of removal applications in a visa waiver program proceeding even though the immigration judge did not expressly order the alien removed); *Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156 (11th Cir. 2003) (finding that the BIA's order reversing an immigration judge's decision to grant the alien discretionary relief amounted to a final order of removal, even though the BIA remanded for the limited purpose of designating a country of removal, as the only issue remaining for the immigration judge to determine was the country to which the alien would be removed).

Campos Ruiz concedes that his petition is not seeking review of a final order of removal. He asserts, however, that he has exhausted all administrative remedies because the BIA determined that removability was established and that, once removability is established, an immigration judge cannot terminate the proceedings without DHS's concurrence. Therefore, he contends that we should find we have jurisdiction because he cannot complete the I-601A waiver process unless we overturn the BIA's order and, if left unresolved, his approval for the waiver would be a "nullity."

We find this argument without merit. The BIA's order addressing the immigration judge's denial of Campos Ruiz's motion to terminate proceedings and remanding the case back to the immigration judge is not a final order of removal. Additionally, the BIA's order is not one "so closely tied to the removal of the alien that it can be deemed . . . as a final order of removal." *See Nreka*, 408 F.3d at 1367; *Del Pilar*, 326 F.3d at 1156. Although the BIA found removability established, the immigration judge has not ordered Campos Ruiz removed, and Campos Ruiz may still apply for cancellation of removal following remand to the immigration judge. *See* 8 U.S.C. § 1229b(b); *Barton v. Barr*, 140 S. Ct. 1442, 1445 (2020). Thus, unlike *Nreka* and *Del Pillar*, there are forms of relief that Campos Ruiz can pursue in the present proceedings before the immigration judge enters an order of removal.

Campos Ruiz further argues that he has presented a question of law reviewable under 8 U.S.C. § 1252(a)(2)(D)—whether an immigration judge has the authority to terminate removal proceedings where an alien has an approved I-601 waiver. Although § 1252(a)(2)(D) authorizes us to review "constitutional claims or questions of law raised upon a petition for review," the order under review must be a final order of removal. *See Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 809 (11th Cir. 2006) (explaining that the REAL ID Act of 2005, which amended § 1252, "had the effect of restoring some of our jurisdiction to decide the 'questions of law' an alien raises in a petition to review *a final order of removal*" (emphasis added) (quoting *Balogun*

6

*v. U.S. Att'y Gen.*, 425 F.3d 1356, 1359 (11th Cir. 2005))). Because our jurisdiction is limited under § 1252(a)(1) and no final order of removal has been issued for us to review, we lack jurisdiction to review any question of law raised in the petition.

Finally, Campos Ruiz contends that we have jurisdiction based on the Fourth Circuit's decision in *Romero v. Barr*, 937 F.3d 282 (4th Cir. 2019). In *Romero*, the petitioner sought to apply for a I-601A waiver and moved to administratively close his removal proceedings. *Id.* at 286–87. The BIA administratively closed the proceedings, and DHS moved for reconsideration. *Id.* at 287. While the reconsideration motion was pending, the Attorney General issued a precedential decision concluding that no statute or regulation grants immigration judges or the BIA general authority to administratively close removal proceedings. *Id.* Based on that decision, the BIA granted DHS's motion, dismissed the petitioner's appeal, and ordered him removed to Honduras. *Id.* The Fourth Circuit determined that it had jurisdiction to review the BIA's order under § 1252(a)(5) because the BIA had issued a final order of removal that dismissed the *Romero* petitioner's appeal. *See id.* Because no such final order of removal is present in this case, we find *Romero* easily distinguishable.[3] As such, that decision does not alter our conclusion that we lack jurisdiction to review Campos Ruiz's petition.

---

[3] Campos Ruiz similarly relies on *Ceta v. Mukasey*, 535 F.3d 639 (7th Cir. 2008), in which the Seventh Circuit held that it had jurisdiction under 8 U.S.C. § 1252(a)(2)(B) to review the denial of a petitioner's motion for continuance pending the approval of his I-130 petition for alien relative,

## IV.    CONCLUSION

Because no final order of removal exists in this case as the BIA remanded the case back to the immigration judge for further proceedings, we lack jurisdiction to review the BIA's order.  We therefore dismiss the petition.

**DISMISSED.**

---

as the BIA's ruling "operate[d] to nullify [his] statutory right" to apply for an adjustment of status. *Id.* at 647 (alterations in original).  However, there was likewise a final order of removal present in *Ceta*, *see id.* at 649 n.16, and the BIA had also dismissed the petitioner's appeal, *id.* at 644. Thus, we find *Ceta* is also inapplicable to Campos Ruiz's case.