Rigoberto LAZO, Petitioner,

v.

Alberto GONZALES,* Attorney General of the United States, Respondent.

Docket No. 04–5188–ag.

United States Court of Appeals, Second Circuit.

Argued: May 24, 2006.

Decided: Sept. 1, 2006.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Shane Cargo, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, of counsel, Sara L. Shudofsky, Assistant United States Attorney, on the brief).

Before McLAUGHLIN, JACOBS, and B.D. PARKER, Circuit Judges.

PER CURIAM.

An Immigration Judge ("IJ") found Rigoberto Lazo removable, but granted discretionary relief in view of the time elapsed since Lazo's criminal offense. By order of August 31, 2004, the Board of Immigration Appeals ("BIA") [1] overturned the IJ's grant of discretionary relief and [2] ordered Lazo removed. Lazo petitions for review on the ground that the BIA lacks power to issue an order of removal and, if it overturns discretionary relief, it must therefore remand to the IJ for entry of the formal removal order. Because the plain statutory language commands that we treat the IJ's finding of removability as an order of removal, we deny the petition for review.

## BACKGROUND

Lazo, a citizen of El Salvador, became a permanent resident of the United States in 1990. In 1992, he molested his girlfriend's minor daughter, and was convicted under New York state law of sexually abusing a child of less than eleven years. Thereafter, he married and fathered a child.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case

Lazo was placed in removal proceedings in 1998, and was charged as being inadmissible due to commission of a crime involving moral turpitude. Lazo conceded the charge and sought discretionary relief from removal.

In 2003, the IJ granted a waiver from removability, citing the decade that had elapsed since Lazo's offense. The Department of Homeland Security appealed, and the BIA reversed the waiver in light of "the seriousness of the respondent's crime." In entering judgment, the BIA ruled that the Department of Homeland Security's "appeal is sustained *and the respondent is ordered removed* from the United States to El Salvador." Joint Appx. at 3 (emphasis added).

Lazo petitioned this Court for review, and this Court asked for supplemental briefing on the following question:

Whether the Board of Immigration Appeals ("BIA") has statutory authority under the Immigration and Nationality Act of 1952 ("INA"), as amended, to order the removal of an alien, or whether the BIA is instead limited to affirming or reversing an immigration judge's ruling granting discretionary relief from removal. . . .

Order of December 7, 2005.

## DISCUSSION

■ An alien may be removed only pursuant to a valid order of removal. See 8 U.S.C. § 1227(a). Lazo argues that immigration judges have exclusive power to issue orders of removal, with the BIA limited to affirming or overturning those decisions, and that the BIA therefore overstepped its authority in ordering removal in this case. The government argues that authority to order removal has in fact been conferred on the BIA (an argument we do not reach), and that in any event, the IJ did order Lazo's removal (as we hold) because the IJ found Lazo removable, and

because—under the relevant statutory definition—a finding of removability is an order of removal, so that the Board may reinstate a previous order of removal by overturning an IJ's grant of discretionary relief.

The government's view is compelled by the INA, which defines an "order of deportation"—in the disjunctive—as "the order of the special inquiry officer . . . concluding that the alien is deportable *or* ordering deportation." 8 U.S.C. § 1101(a)(47)(A) (emphasis added). This definition controls here because the terms "deportable" and "deportation" (respectively) can be used interchangeably with the terms "removable" and "removal". *Evangelista v. Ashcroft*, 359 F.3d 145, 147 n. 1 (2d Cir.2004); *Duamutef v. INS*, 386 F.3d 172, 176 n. 4 (2d Cir.2004). During Lazo's proceedings, the immigration judge was the "special inquiry officer." 8 C.F.R. § 1.1(*l*) (1996).

Accordingly, the statutory requirement of an order of removal is satisfied when—as here—the IJ *either* orders removal or concludes that an alien is removable. In that light, the BIA did not "order" Lazo's removal (as Lazo characterizes the order); the BIA has removed an impediment to the removal that was ordered by the IJ. The BIA's power to review and overturn the IJ's grant of discretionary relief is unchallenged.

Three of four other circuits agree. *See Solano–Chicas v. Gonzales*, 440 F.3d 1050, 1053–54 (8th Cir.2006) ("where the BIA reverses the IJ's order granting cancellation of removal, the BIA, in essence, gives effect to the IJ's order of removability, for the BIA decision eliminates the impediments to removal"); *Del Pilar v. U.S. Att'y Gen.*, 326 F.3d 1154, 1156 (11th Cir. 2003) (BIA's reversal of discretionary relief reinstates prior order of removal); *see also Delgado–Reynua v. Gonzales*, 450 F.3d 596, 601 (5th Cir.2006) (same). The Ninth Circuit has declined to construe a

finding of removability as satisfying the statutory demand for an order of removal, on the ground that such a construction "would render the IJ's discretionary ability to literally 'cancel removal' meaningless, because a finding of removability in the first instance is a prerequisite to such discretionary relief." *Molina–Camacho v. Ashcroft*, 393 F.3d 937, 940–41 (9th Cir. 2004) (citing 8 U.S.C. § 1229b(b)(1)). However, the opinion in *Molina–Camacho* does not consider the statutory definition that equates a finding of removability with an order of removal. Accordingly, we join the majority of circuits in concluding that the need for an "order of removal" is satisfied by an IJ's finding of removability.[1]

We have considered petitioner's remaining arguments and find each of them to be without merit. For the foregoing reasons, the petition for review is denied.

---

1. The government's alternative argument is that the BIA is empowered to issue orders of removal in the first instance, as an "administrative officer to whom the Attorney General has delegated the responsibility," within the meaning of 8 U.S.C. § 1101(a)(47). Because we hold that an order of removal was issued by the IJ, we do not decide whether the Attorney General has in fact delegated to the BIA the authority to issue orders of removal.