MING XIA ZHU, Petitioner,

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 04–1989–ag.

United States Court of Appeals,
Second Circuit.

March 20, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Matthew D. Orwig, United States Attorney for the Eastern District of Texas; Paul Naman, Assistant United States Attorney, Beaumont, Texas, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Ming Xia Zhu, a native and citizen of the People's Republic of China, seeks review of a March 25, 2004 order of the BIA affirming, in part, the May 22, 2002 decision of Immigration Judge ("IJ") Robert D. Weisel denying Zhu's applications for asylum and withholding of removal. *In re Ming–Xia Zhu a.k.a. Xiao–Xia Yang,* No. A 77 977 944 (B.I.A. March 25, 2004), *aff'g* No. A 77 977 944 (Immig. Ct. N.Y. City May 22, 2002). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, although the BIA remanded Zhu's application for relief under the Convention Against Torture to the IJ, we are not precluded from reviewing the BIA's affirmance of the IJ's denial of the asylum and withholding of removal claims. We have previously found that the statutory definition of an order of removal is satisfied where an IJ either orders removal or finds an alien removable. *Lazo*

*v. Gonzales,* 462 F.3d 53, 54 (2d Cir.2006) (holding that "the need for an 'order of removal' is satisfied by an IJ's finding of removability"); *see* 8 U.S.C. § 1101(a)(47)(A) (defining an "order of deportation" as the order of an administrative officer concluding that "the alien is deportable or ordering deportation"). Thus, given that the IJ has found Zhu removable, both parties and the IJ have treated the BIA's March 2004 decision as having affirmed the IJ's underlying adverse credibility finding, and these claims were adequately exhausted below, we likewise construe the BIA's decision as having dismissed Zhu's appeal with respect to her asylum and withholding of removal claims. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right.").

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong*

*Chen v. INS*, 359 F.3d 121, 129 (2d Cir. 2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir. 2006).

■ The BIA's and IJ's adverse credibility findings were supported by substantial and material discrepancies in the record. The BIA and IJ appropriately relied on the omission of Zhu's alleged abortion from her airport interview. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179–80 (2d Cir.2004) (providing factors that the Court generally considers to ensure that an airport interview represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible). In the instant case, the airport statement appears to be a verbatim transcript of Zhu's responses during her interview, the record reflects that she expressed understanding all of the questions posed to her through the Mandarin interpreter, and when asked whether she "truly ever had an abortion," she replied in the negative. Moreover, the IJ reasonably rejected Zhu's explanation that she denied having an abortion because she was nervous and did not believe that she could criticize the Chinese government. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so); *see also Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n. 6, 399 n. 8 (2d Cir.2005) (finding that an applicant's "mere recitation that he was nervous or felt pressured during an airport interview will not automatically prevent" the agency from relying on the interview for an adverse credibility determination as long as the agency acknowledges and evaluates this explanation). Because this omission involved the crux of Zhu's claim that she endured a forcible abortion under China's coercive family planning policy, it substantiated the BIA's and IJ's adverse credibility findings. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003) (emphasizing that to form the basis of an adverse credibility determination, a discrepancy must be "substantial" when measured against the record as a whole).

■ We, therefore, find that the record provided legitimate bases for the BIA and IJ to deny Zhu's asylum application. Because the only evidence of a threat to Zhu's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).