05-4134-ag
Rhodes v. Keisler

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

_____

August Term, 2006

(Argued:  May 7, 2007                                   Decided:  November 7, 2007 )

Docket No. 05-4134-ag

_____

MIGUEL RHODES-BRADFORD,

*Petitioner*,

− v. −

PETER D. KEISLER,[*] ATTORNEY GENERAL,

*Respondent*.

_____

Before: FEINBERG, McLAUGHLIN, and CALABRESI, *Circuit Judges*.

Petition for review of the Board of Immigration Appeals' decision reversing an Immigration Judge's termination of removal proceedings and ordering Petitioner removed.  The Board lacks the authority to issue a removal order.

The petition is granted in part and dismissed in part; the order of the BIA is vacated; and the case is remanded for further proceedings.

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

JUSTIN CONLON, Law Offices of Michael Boyle, North Haven, Conn., *for Petitioner*.

VICTORIA S. SHIN, Assistant United States Attorney, *for* Kevin J. O'Connor, United States Attorney for the District of Connecticut (Sandra S. Glover, *of counsel*), New Haven, Conn., *for Respondent*.

---

GUIDO CALABRESI, *Circuit Judge*:

Petitioner Miguel Rhodes-Bradford ("Rhodes"), a native and citizen of Jamaica, seeks review of a decision of the Board of Immigration Appeals ("BIA") reversing a decision of an Immigration Judge ("IJ") which terminated removal proceedings against Rhodes. *In re Miguel Rhodes-Bradford*, No. A38 205 238 (B.I.A. June 30, 2005), *rev'g* No. A38 205 238 (Immig. Ct. Hartford, Conn. Jan. 21, 2004). The BIA found that Petitioner's Connecticut conviction for first-degree larceny rendered him removable as an alien convicted of an aggravated felony. 8 U.S.C. § 1227(a)(2)(A)(iii); *see also* 8 U.S.C. § 1101(a)(43)(G) (including "theft offense[s]" within the definition of "aggravated felony"). The BIA then ordered Petitioner removed.

Petitioner raises two issues before this Court. First, he asserts that the BIA has no authority to order his removal in the first instance, absent an IJ decision to that effect. Second, he argues that his first-degree larceny conviction does not constitute a "theft offense" rendering him removable under the Immigration and Nationality Act ("INA"). Because we agree with Petitioner on the first issue, and therefore remand, we do not have jurisdiction to reach the second.

BACKGROUND

Rhodes was admitted to the United States as an immigrant on November 22, 1983. He is a lawful permanent resident and has three children who are United States citizens. On July 7, 1998, he was convicted in Connecticut Superior Court, following guilty pleas, (a) of larceny in the first degree, in violation of Conn. Gen. Stat. § 53a-122, and (b) of first-degree failure to appear, in violation of Conn. Gen. Stat. § 53a-172. The government initiated removal proceedings against Rhodes on November 28, 2003. Rhodes moved to terminate removal proceedings on the ground that, under the categorical approach utilized by this Circuit, *see Abimbola v. Ashcroft*, 378 F.3d 173, 176-77 (2d Cir. 2004), he had not committed an aggravated felony which would render him removable. This was so, he asserted, because the Connecticut larceny statute is divisible and the record did not indicate which subsection he was convicted of violating and because certain acts falling within the Connecticut definition of first-degree larceny do not fall within the federal definition of a "theft offense." He also argued that the Connecticut failure-to-appear offense encompassed activity that was not an aggravated felony under federal law, and thus, under the categorical approach, that conviction did not render him removable, either.

Immigration Judge Michael W. Straus ruled that the government had not met its burden of proving that Petitioner had been convicted of a federal aggravated felony. As a result, the IJ held that Petitioner was not removable. The BIA reversed, holding that a conviction under Connecticut's first-degree larceny statute categorically qualifies as an aggravated felony. After concluding that Rhodes was therefore removable, the BIA continued: "[Petitioner] made no requests for relief at the hearing below . . . . We accordingly will order [him] removed to Jamaica

. . . ." Rhodes filed a timely petition for review of the BIA's decision.

DISCUSSION

"The term 'order of deportation' means the order of the special inquiry officer, or other such administrative officer to whom the Attorney General has delegated the responsibility for determining whether an alien is deportable, concluding that the alien is deportable or ordering deportation." 8 U.S.C. § 1101(a)(47)(A). A "special inquiry officer" is an IJ, *see* 8 C.F.R. § 3.0 (noting that "immigration judges" are "referred to in some regulations as special inquiry officers"); *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 883 n.7 (9th Cir. 2003), and "deportable" is synonymous with "removable," *Evangelista v. Ashcroft*, 359 F.3d 145, 147 n.1 (2d Cir. 2004).

In *Lazo v. Gonzales*, 462 F.3d 53 (2d Cir. 2003) (per curiam), we held that, when the IJ makes a finding of removability but declines to order removal, the BIA has the authority to issue a removal order. We concluded that, in such circumstances, the BIA does not, in fact, *order* the removal; rather, it simply "remove[s] an impediment to the removal that was ordered by the IJ." *Id*. at 54. We however explicitly declined in *Lazo* to rule on the issue that is currently before us:

> The government's alternative argument is that the BIA is empowered to issue orders of removal in the first instance, as an "administrative officer to whom the Attorney General has delegated the responsibility," within the meaning of 8 U.S.C. § 1101(a)(47). Because we hold that an order of removal was issued by the IJ, we do not decide whether the Attorney General has in fact delegated to the BIA the authority to issue orders of removal.

*Id*. at 55 n.1. This case squarely presents the issue left open in *Lazo*: in order for the BIA properly to have ordered Rhodes's removal when the IJ did not find him removable, the BIA must be an "administrative officer to whom the Attorney General has delegated the responsibility

-4-

for determining whether an alien is deportable." 8 U.S.C. § 1101(a)(47)(A).

The government advances three reasons in support of the BIA's claim of power to issue orders of removal in the first instance. First, it asserts that, because the statutory language is ambiguous as to the identity of the "administrative officers" to whom the Attorney General has delegated his order-of-removal authority, the agency's interpretation that the BIA has such authority is due deference under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Second, the government contends that the BIA's longstanding practice of issuing such orders of removal underscores its authority to do so. Third, the government characterizes the issuance of an order of removal as a merely ministerial action predicated on a finding of removability and asserts that requiring a remand to perform this ministerial task would unnecessarily clog the administrative courts. We address each in turn.

First, we do not believe that the statute is ambiguous, nor do we believe that the government has issued an interpretation that is due *Chevron* deference. After defining an order of deportation, the statute provides that such an order "shall become final upon the earlier of—(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). The Ninth Circuit construed this to mean that "[t]he BIA (in its sole appearance in the statute) is restricted to affirming such orders, not issuing them in the first instance." *Noriega-Lopez*, 335 F.3d at 883. The Fifth Circuit has explicitly adopted the Ninth Circuit's reasoning on this point. *James v. Gonzales*, 464 F.3d 505, 514 (5th Cir. 2006). We find the *Noriega-Lopez* analysis persuasive on this issue, and we too adopt it.

We moreover note that, even if we were to find ambiguity in the statute, the government has not presented a construction of the statute that would be entitled to *Chevron* deference. The government is unable to cite a single regulation which provides that the BIA may issue removal orders in the first instance.[1] By contrast, when the regulations confer upon IJs the power to issue removal orders, they do so quite explicitly. *See* 8 C.F.R. § 1240.1(a)(1) ("In any removal proceeding pursuant to section 240 of the [Immigration and Nationality] Act, the immigration judge shall have the authority to . . . [d]etermine removability pursuant to section 240(a)(1) of the Act; [and] to make decisions, including orders of removal, as provided by section 240(c)(1)(A) of the Act . . . ."); *id*. § 1240.12(c) ("The order of the immigration judge shall direct the respondent's removal from the United States, or the termination of the proceedings, or other such disposition of the case as may be appropriate."); *id*. § 1240.13(d) ("If the immigration judge decides that the respondent is removable and orders the respondent to be removed, the immigration judge shall advise the respondent of such decision, and of the consequences for failure to depart . . . ."). The agency's claim that the BIA has the power to do so is merely a litigation position taken before this Court, and, as such, is not entitled to *Chevron* deference. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 212-13 (1988).

The government's second assertion—that the BIA's practice of issuing orders of removal is evidence of its authority to do so—is likewise without merit. In none of the cases collected by

---

[1]The government points to 8 C.F.R. § 1241.1(d) and (f), which it claims expressly contemplate the BIA's issuance of removal orders in the first instance. Even a cursory glance at the entirety of 8 C.F.R. § 1241.1, however, makes clear that those provisions presuppose the previous issuance of "[a]n order of removal made by the immigration judge." They thus provide no support to the government's claims that regulations contemplate the issuance of orders of removal in the first instance by the BIA.

-6-

the government was the BIA's authority to issue such an order challenged; hence, the issue was not adjudicated in any of these cases. Although we "'accord substantial deference to the [BIA's] interpretations of the statutes and regulations that it administers,'" *Diallo v. INS* , 232 F.3d 279, 285 (2d Cir. 2000) (quoting *Michel v. INS*, 206 F.3d 253, 262 (2d Cir. 2000)) (alteration in original), that deference is predicated on those interpretations having been "developed and applied by the BIA." *Id*. at 285-86. A position that has never been adjudicated, but merely taken for granted, cannot be said to have been "developed and applied," and we therefore do not accord it "substantial deference."

Finally, the government asserts that the issuance of an order of removal is a merely ministerial act and that requiring the BIA to remand to the IJ to perform this mechanical procedure would be unnecessarily wasteful of agency time and resources. We disagree with this characterization. Removal does not follow automatically upon a finding of removability. A removable alien still has other avenues of relief, including withholding of removal, *see* 8 U.S.C. § 1231(b)(3), cancellation of removal, *see id.* § 1229b, and relief under the Convention Against Torture, *see* 8 C.F.R. § 1208.16(c). While the BIA's holding that Rhodes's state conviction constituted an aggravated felony, if correct, forecloses certain of these avenues, *see, e.g.*, 8 U.S.C. § 1229b(a)(3) (providing that conviction of an aggravated felony renders an alien ineligible for cancellation of removal), it does not foreclose all of them, *see* 8 C.F.R. § 1208.16(c)(4) (providing that either withholding or deferral of removal is available to *any* alien whom an IJ determines is "more likely than not to be tortured in the country of removal"). Thus, a remand of Petitioner's case to the IJ would not be purely ministerial; rather, it would give Petitioner the opportunity to raise these avenues of relief, avenues that were not originally argued

-7-

before the IJ because the IJ found that Petitioner was not removable.

We therefore hold that the BIA does not have the authority to issue removal orders in the first instance.

This holding, however, raises a jurisdictional issue for this Court that must be addressed. The government argues that, if the BIA's removal order was *ultra vires*, then there has been no "final order," which is a statutory prerequisite to judicial review, *see* 8 U.S.C. § 1252(b)(9). If correct, this argument would mean that the BIA's removal order would be a nullity, but that we would have no authority to remand the case for further proceedings.

We do not believe that the government's argument is correct. It is, of course, the case that we have jurisdiction to determine whether or not we have jurisdiction over a matter. *Ashton v. Gonzales*, 431 F.3d 95, 97 (2d Cir. 2005). We believe that a necessary concomitant of this jurisdiction is the authority to order a remand to remedy those legal errors we have identified in the course of coming to the conclusion that we have no jurisdiction. Or, put differently, where it is necessary to decide the merits in order to determine whether or not we have jurisdiction, and where a determination of those merits yields the conclusion that we do not have jurisdiction, and where that lack of jurisdiction would make it impossible for us to give effect to the merits question that we have already decided, then we retain the inherent authority to remand the case to fix the defects that we have identified. If this were not the case, then there would be no remedy in the courts for *ultra vires* behavior, and this would raise serious due process concerns. In reaching this conclusion, we join the Fifth Circuit. *See James*, 464 F.3d at 512 ("We retain jurisdiction over substantial constitutional claims or questions of law, even in cases involving orders of removal otherwise removed from our consideration by the 'jurisdiction stripping'

provisions of INA § 242(a)(2).")

It is clear, however, that the absence of a valid final order means that we do not have jurisdiction to reach Petitioner's challenge to the BIA's determination that his larceny conviction constituted an aggravated felony under the INA.

We therefore GRANT in part and DISMISS in part Rhodes's petition for review, VACATE the BIA's removal order, and REMAND to the BIA for further proceedings consistent with this decision.