**YANQING SU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al., Respondents.**

No. 07–3435–ag.

United States Court of Appeals, Second Circuit.

July 1, 2008.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Emily Anne Radford, Assistant Director, Margaret A. O'Donell, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. REENA RAGGI, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Yanqing Su, a native and citizen of the People's Republic of China, seeks review of a July 27, 2007 order of the BIA reversing the May 3, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest, which granted her application for asylum and withholding of removal. *In re Yanqing Su,* No. A98 419 108 (B.I.A. July 27, 2007), *vacating* No. A98 419 108 (Immig. Ct. N.Y. City May 3, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Nguyen v. Chertoff,* 501 F.3d 107, 111 (2d Cir.2007); *Edimo–Doualla v. Gonzales,* 464 F.3d 276, 281 (2d Cir.2006). We review the agency's "factual findings under the substantial evidence standard; findings of fact are treated as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting 8 U.S.C. § 1252(b)(4)(B)). However, we will vacate and remand for new findings if the agency's reasoning or factfinding process was sufficiently flawed. *See, e.g., Beskovic v. Gonzales,* 467 F.3d 223, 227 (2d Cir.2006) (stating that agency decisions denying asylum must have a "certain minimum level of analysis" in order to enable judicial review of such decisions to be meaningful).

■ Here, the BIA properly found that there was insufficient evidence that Su had an objectively reasonable fear of sterilization in China because she had two U.S. citizen children. Su's asylum application indicated that she lived in Guangzhou, which is in the Guangdong province. Su presented no evidence regarding the treatment of Chinese citizens with foreign-born children in Guangdong province. As Su failed to present "solid support" that she would be forcibly sterilized in China, the BIA did not err in determining that she had failed to establish a well-founded fear of persecution on account of her children born in the United States. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (stating that an applicant's well-founded fear claim based on U.S.-born children was "speculative at best" when he failed to present "solid support" that he would be subject to the family planning policy upon his return to China).

Furthermore, the BIA specifically found that Su failed to establish that any "sanctions" she would face due to the birth of her children in the U.S. would amount to persecution. This finding was proper because Su's evidence that she would be fined was insufficient, without more, to establish that any economic harm she may face would constitute economic persecution. *See Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002) (noting that to establish economic persecution,

an applicant must show at least a "deliberate imposition of a substantial economic disadvantage"). Accordingly, the BIA's denial of Su's asylum application was not in error.

Because Su was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

 We also find, contrary to Su's argument, that the BIA did not inappropriately engage in factfinding or *de novo* review of the IJ's decision. Because the Department of Homeland Security appealed to the BIA the IJ's grant of conditional asylum and withholding of removal after September 25, 2002, the BIA was not permitted to engage in *de novo* review of the IJ's factual findings. *See Fen Yong Chen v. BCIS,* 470 F.3d 509, 513–14 (2d Cir.2006); 8 C.F.R. § 1003.1(d)(3)(i). Here, the BIA determined that Su failed to demonstrate an objectively reasonable fear of persecution on account of one of the grounds in the INA. As this determination concerned a question of law, it was within the agency's authority to make such a judgment. *See* 8 C.F.R. § 1003.1(d)(3)(ii).

Finally, Su argues that "[i]t was procedurally unfair for the BIA to order [her] removed without first remanding to the IJ." In *Lazo v. Gonzales,* 462 F.3d 53 (2d Cir.2006) (per curiam), we held that when the IJ makes a finding of removability but declines to order removal, the BIA has the authority to "remove[ ] an impediment to the removal that was ordered by the IJ," thus effectuating the removal order. *Id.* at 54. Here, the IJ found that

Su's "removability was established by clear, convincing and unequivocal evidence" due to her concession of removability. Nevertheless, the IJ declined to order Su removed and instead granted Su asylum and withholding of removal. As such, the BIA had authority to order Su removed because the BIA's reversal of the IJ's grant relief simply "removed an impediment to the removal that was ordered by the IJ." *Id.* Thus, the BIA did not err in issuing a removal order in the first instance.

For the foregoing reasons, the petition for review is DENIED.