SUMMARY ORDER
Petitioner Huy Ngoc Nguyen, a native and citizen of Vietnam, seeks review of three orders of the BIA. The first BIA order, issued in 2001 (the “2001 Order”), found Nguyen to be excludable pursuant to former Immigration and National Act (“INA”) § 212(a)(23) (now codified at 8 U.S.C. § 1182(a)(2)(C)), which deems inadmissible an alien whom “the Attorney General knows or has reason to believe — (i) is or has been an illicit trafficker in any controlled substance.” Because the immigration judge (“IJ”) had found that Nguyen was admissible, the 2001 Order remanded the record to the IJ for further proceedings. In re Huy Ngoc Nguyen, No. A025 294 506 (B.I.A. Mar. 15, 2001), rev’g No. A025 294 506 (Immig. Ct. Buffalo July 19, 1995). The second BIA order, issued in 2004 (the “2004 Order”), affirmed and adopted the decision of the IJ finding Nguyen excludable but remanded the record for further consideration of his claim for protection under the Convention Against Torture (“CAT”). In re Huy Ngoc Nguyen, No. A025 294 506 (B.I.A. July 19, 2004), aff'g No. A025 294 506 (Immig. Ct. Buffalo Oct. 16, 2001). The BIA’s third order, issued in 2005 (the “2005 Order”) affirmed the IJ’s denial of CAT relief and ordered Nguyen removed. In re Huy Ngoc Nguyen, No. A025 294 506 (B.I.A. Oct. 13, 2005), affg No. A025 294 506 (Immig. Ct. Buffalo Sept. 1, 2004). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, we have jurisdiction to review the 2001 Order and the 2004 Order as part of the 2005 Order, because neither the 2001 Order nor the 2004 Order was a final order. The 2001 Order, which reversed the IJ’s finding that Nguyen was not excludable, was not a “final order” for purposes of 8 U.S.C. § 1252(a)(1) because “the BIA does not have the authority to issue removal orders in the first instance.” Rhodes-Bradford v. Keisler, 507 F.3d 77, 81 (2d Cir.2007). The 2004 Order was not final because it remanded the case to the IJ for further consideration of Nguyen’s CAT claim. See Chupina v. Holder, 570 F.3d 99, 102-03 (2d Cir.2009) (per curiam). Therefore, we have jurisdiction to review the 2001 Order and the 2004 Order as part of the 2005 Order.
Although 8 U.S.C. § 1252(a)(2)(C) precludes review of an order finding an alien removable by reason of having committed certain criminal offenses, see Dickson v. Ashcroft, 346 F.3d 44, 47-48 (2d Cir.2003), we nonetheless have jurisdiction to determine whether the § 1252(a)(2)(C) jurisdictional bar applies. Id. at 48. This latter inquiry permits us to review the “BIA’s legal finding” that an alien committed a criminal offense. See id. at 48. Accordingly, we have jurisdiction to review the BIA’s interpretation of former INA § 212(a)(23), the statutory provision under which Nguyen was found removable.
*46 Because we conclude that the statutory language of § 212(a)(23) is ambiguous, we will defer to the BIA’s interpretation as long as its construction is reasonable. See Mizrahi v. Gonzales, 492 F.3d 156, 158 (2d Cir.2007) (citing Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843-44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984)). In this case, the BIA interpreted the statute, which deems inadmissible any alien whom “the Attorney General knows or has reason to believe — (i) is or has been an illicit trafficker in any controlled substance,” 8 U.S.C. § 1182(a)(2)(C), to require the government to establish only that the alien knew or had reason to know that he was carrying drugs, not that the alien had the specific intent to traffic drugs. This interpretation is reasonable, because it is consistent with the text of the statute and the doctrine of conscious avoidance. See, e.g., United States v. Matos, 905 F.2d 30, 34 (2d Cir.1990) (noting that a “conscious avoidance charge is properly given when [a] defendant claims lack of knowledge of [the presence of drugs] but the surrounding circumstances imply that a reasonable person could conclude that [the defendant] should have known” of the presence of the drugs). Moreover, the finding that Nguyen knew or should have known that he was carrying drugs in his suitcase was supported by substantial evidence.
Nguyen next claims that the BIA erred in denying him asylum because he was admitted to the United States as a refugee and is therefore entitled to the presumption of a well-founded fear of future persecution afforded to aliens who have demonstrated past persecution. However, Nguyen’s derivative refugee status did not create an implicit finding that he personally suffered past persecution, see 8 U.S.C. § 1157(c)(2), and the IJ determined that Nguyen had not, in fact, experienced past persecution. Therefore, Nguyen was not entitled to a presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1) (the presumption of future persecution applies only if the applicant “has been found to have established ... past persecution”).
Finally, Nguyen argues that the BIA erred in denying his application for a waiver of inadmissibility under former INA § 212(c),[2] where the IJ concluded that he had not proven rehabilitation and then relied on his lack of rehabilitation in denying his claim, even though Nguyen had been acquitted in his criminal trial of the drug trafficking charges. The decision to grant § 212(c) relief is discretionary and, therefore, unreviewable. See 8 U.S.C. § 1252(a)(2)(B)(ii). However, we have jurisdiction to review Nguyen’s claim that the agency “applied an erroneous legal standard in making a discretionary determination.” Khan v. Gonzales, 495 F.3d 31, 35 (2d Cir.2007). In this case, Nguyen argued before the BIA that the IJ committed legal error in relying on Nguyen’s lack of rehabilitation, even though he had been acquitted of the drug trafficking charges. However, the BIA did not address this claim in its 2005 Order. Therefore, we remand to the BIA to decide this narrow question in the first instance. See Gonzales v. Thomas, 547 U.S. 183, 186, 126 *47 S.Ct. 1613, 164 L.Ed.2d 358 (2006) (per curiam) (holding that, where the BIA has not considered an issue in the first instance, “the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.” (internal quotation marks omitted)).
We have considered all of Nguyen’s remaining claims and find them without merit.[3] For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED to the BIA for consideration of whether, in considering Nguyen’s application for a waiver of inadmissibility under former INA § 212(c), the IJ committed legal error in relying on Nguyen’s lack of rehabilitation even though he had been acquitted of the drug trafficking charges.

. Former INA § 212(c), 8 U.S.C. § 1182(c), provided that ''[alliens lawfully admitted for permanent residence] ... who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General.” Although this provision was repealed in 1996, aliens whose deportation proceedings began prior to April 24, 1996, retained the ability to apply for § 212(c) relief. See 8 C.F.R. § 212.3(g).

. Nguyen raises no challenges to the IJ's denial of CAT relief. Accordingly, he has forfeited any such arguments. See, e.g., Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).