# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2311

_____

Mudji Widarjono,                                   *
                                                   *
                    Petitioner,                    *
                                                   *    Petition for Review of
          v.                                       *    an Order of the Board
                                                   *    of Immigration Appeals.
Eric H. Holder, Jr.,[1] Attorney General           *
of the United States,                              *    [UNPUBLISHED]
                                                   *
                    Respondent.                    *

_____

Submitted: December 2, 2009
Filed:  Decemer 7, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

An immigration judge previously found that Mudji Widarjono, a native and citizen of Indonesia, was removable but should be granted asylum.  In September 2006, the Board of Immigration Appeals (BIA) reversed the grant of asylum and remanded to the IJ for a determination of the country of removal.  In December 2006, the IJ designated the country of removal, and Widarjono appealed to the BIA,

_____

[1]Eric H. Holder, Jr. has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

challenging statements that the IJ had made on remand about relief under the Convention Against Torture, and taking issue with the BIA's reversal of the grant of asylum. In May 2008 the BIA dismissed the appeal as being outside the scope of the remand and untimely as to the September 2006 order. Widarjono now petitions for review of the May 2008 order, and we dismiss the petition.

Widarjono does not challenge the substance of the BIA's May 2008 order, but instead challenges its September 2006 order. It is too late for him to do so. The September 2006 order was the final order of removal in this case, because the finding of removability that the IJ made at the time that it granted asylum became effective when the BIA reversed the grant of asylum. Accordingly, Widarjono's June 2008 petition is untimely. See 8 U.S.C. § 1252(b)(1) ("petition for review must be filed not later than 30 days after the date of the final order of removal"); 8 C.F.R. § 1241.1(a) (order of removal by IJ becomes final upon dismissal of appeal by BIA); Solano-Chicas v. Gonzalez, 440 F.3d 1050, 1053-54 (8th Cir. 2006) (once IJ has made finding of removability, if BIA reverses IJ's grant of discretionary relief from removal, BIA is in essence giving effect to IJ's order of removal); see also Lazo v. Gonzales, 462 F.3d 53, 54 (2d Cir. 2006) (per curiam) (statutory requirement of order of removal is satisfied when IJ either orders removal or concludes alien is removable); Del Pilar v. U.S. Attorney General, 326 F.3d 1154, 1156-57 (11th Cir. 2003) (per curiam) (BIA's order reversing IJ's grant of discretionary relief from removal amounted to final removal order even when BIA remanded case to IJ to designate country of removal, because there was nothing left for alien to appeal).

Accordingly, we dismiss the petition and deny the pending motion as moot.

_____