[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12506
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2010
JOHN LEY
CLERK

Agency No. A099-747-604

ONDINA DEL VALLE GARCIA SALAZAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 6, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Ondina Del Valle Garcia Salazar seeks review of the Board of Immigration

Appeals' ("BIA") order of removal imposed upon its reversal of the Immigration

Judge's ("IJ") grant of cancellation of removal pursuant to 8 U.S.C. § 1229b. On

appeal, Garcia Salazar argues that the BIA acted ultra vires in ordering her removed because, though she conceded her removability before the IJ, the IJ neither made a finding of removability nor ordered her removed in the first instance. After thorough review, we grant the petition.[1]

We review jurisdictional questions de novo. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). We also review de novo constitutional claims and questions of law. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001).

As an initial matter, we are unpersuaded by the government's argument that the exhaustion requirement bars Garcia Salazar's claim because she did not challenge the IJ's failure to make a finding of removability in her brief to the BIA. A court may not review a final order of removal unless "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). This requirement is jurisdictional and, absent an excuse or exception, bars review of claims not raised before the BIA. Amaya-Artunduaga, 463 F.3d at 1250. In Amaya-Artunduaga, we explained that:

---

[1] Garcia Salazar's petition for review challenges only the BIA's order that she be removed and she has not sought out review of any aspect of the BIA's decision vacating the IJ's grant of cancellation of removal. We note in this regard that we are precluded from reviewing discretionary agency decisions regarding cancellation of removal, see e.g., Martinez v. U.S. Att'y Gen., 446 F.3d 1219, 1221 (11th Cir. 2006), including the determination that a petitioner did not establish the "exceptional and extremely unusual hardship" requirement for cancellation of removal, id. at 1222.

[T]he exhaustion doctrine exists, in part, to avoid premature interference with administrative processes and to allow the agency to consider the relevant issues. Courts have also opined, however, that § 1252(d)(1)'s exhaustion requirement ensures the agency has had a full opportunity to consider a petitioner's claims, and to allow the BIA to compile a record which is adequate for judicial review. Reviewing a claim that has not been presented to the BIA, even when the BIA has considered the underlying issue <u>sua sponte</u>, frustrates these objectives. An issue or claim does not exist in isolation; rather, each is presented in the context of argument. Requiring exhaustion allows the BIA to consider the niceties and contours of the relevant arguments, thereby fully considering the petitioner's claims and compiling a record which is adequate for judicial review.

<u>Id.</u> at 1250 (citations, quotations, and alterations omitted).

In this case, however, it is not appropriate to apply the exhaustion requirement to Garcia Salazar's claim. When Garcia Salazar, represented by counsel, appeared before the IJ, she conceded removability and filed an application for cancellation of removal, but the IJ neither made an explicit finding that Garcia Salazar was removable nor ordered her removed. Instead, after considering her testimony and the submitted exhibits, the IJ granted her cancellation of removal. The government filed a notice of appeal to the BIA, arguing that the IJ erred in granting Garcia Salazar cancellation of removal. In its brief, the government requested that the BIA not only reverse the IJ's decision, but also order Garcia Salazar removed to Venezuela. The BIA issued an order vacating the IJ's decision and ordered Garcia Salazar removed from the United States.

3

Due to the procedural posture of the case, Garcia Salazar did not receive adequate notice that if she did not argue, in her brief to the BIA, that the IJ failed to make an initial finding of removal, she then would forfeit her present ultra vires contention on appeal. While the IJ gave Garcia Salazar notice of her right to appeal the decision, Garcia Salazar reasonably may have construed that notice as applying solely to the IJ's denial of withholding of removal and CAT relief, and she did not appeal those denials to the BIA or to this Court. It is more difficult, however, to construe that notice as applying to the IJ's failure to make an initial finding of removal, which is what the government essentially argues. And although the government's brief to the BIA included a request that it order Garcia Salazar removed to Venezuela, the government made that request in passing, and its brief did not contain any discussion of the merits of the request.

Furthermore, one of the concerns behind the exhaustion requirement, namely, giving the BIA an opportunity to compile an adequate record for judicial review, is not present in this case because Garcia Salazar's claim presents a purely legal issue that we review de novo. Therefore, we do not dismiss Garcia Salazar's petition for lack of jurisdiction on exhaustion grounds.

Turning to the merits of Garcia Salazar's petition, we agree that the BIA did not have the independent statutory authority to issue an order of removal in the first instance. Under 8 U.S.C. § 1229a(a)(1), it is the IJ who "shall conduct

4

proceedings for deciding the inadmissibility or deportability of an alien." Moreover, 8 U.S.C. § 1229a(a)(3) provides that: "Unless otherwise specified in this chapter, a proceeding under this section shall be the sole and exclusive procedure for determining whether an alien may be . . . removed from the United States." Likewise, 8 U.S.C. § 1229a(c)(1)(A) provides that: "At the conclusion of the [removal] proceeding the [IJ] shall decide whether an alien is removable from the United States." Further, the BIA's role in the removal process is mentioned in 8 U.S.C. § 1101(a)(47)(B), which provides that an order of removal becomes "final" only upon "a determination by the [BIA] affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." As a result, other than a provision that allows the Attorney General to designate another administrative officer to determine whether an alien is removable, it is the IJ who determines removability in the first instance. See 8 U.S.C. § 1101(a)(47)(A).

The statutory scheme, therefore, does not vest the BIA with the authority to issue an order of removal in the first instance. This position has been adopted by the Fifth, Tenth, and Second Circuits. See James v. Gonzales, 464 F.3d 505, 514 (5th Cir. 2006); Sosa-Valenzuela v. Gonzales, 483 F.3d 1140, 1145 (10th Cir. 2007); Rhodes-Bradford v. Keisler, 507 F.3d 77, 81 (2d Cir. 2007); see also In re I-S- & C-S-, 24 I.&N. Dec. 432, 434 (BIA 2008) ("We find that the proceedings in

this case are unresolved and incomplete because the [IJ] found the respondents removable and granted their application for withholding of removal but failed to order them removed."). In such circumstances, these courts all remanded their respective cases to the BIA in order for the BIA to remand to the IJ for an entry of an order of removal. See James, 464 F.3d at 514; Sosa-Valenzuela, 483 F.3d at 1147; Rhodes-Bradford, 507 F.3d at 82.

In this case, the BIA entered an order of removal even though the IJ neither made an initial determination of Garcia Salazar's removability nor ordered her removed in the first instance. Based on the statutory language, we agree with the Second, Fifth, and Tenth Circuits that the BIA did not have the independent statutory authority to issue an order of removal in the first instance. As a result, we grant Garcia Salazar's petition and remand to the BIA so that the BIA may remand to the IJ for further proceedings. Because we remand on this basis, we do not address Garcia Salazar's other contentions on appeal.

**PETITION GRANTED.**