Moussa FOFANA, a/k/a Amadou Abdoulaye Diallo,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES of America,
Respondent.

No. 12–4479.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 7, 2013.

Opinion filed Feb. 13, 2013.

Christine M. Flowers, Esq., Joseph M. Rollo, Esq., Joseph M. Rollo & Associates, Philadelphia, PA, for Petitioner.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington, DC, for Respondent.

Before: FUENTES, FISHER and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner Moussa Fofana seeks review of a final decision by the Board of Immigration Appeals ("BIA") denying a motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition for review and motion to stay removal.

## I.

Moussa Fofana attempted to enter the United States through John F. Kennedy Airport in New York in October 2008. Fofana presented a passport and visitor visa from Mali. Fofana was subjected to additional screening and indicated that the identifying information on the Malian passport, including the name Amadou Abdoulaye Diallo, was false. Fofana claimed to be a citizen of Côte d'Ivoire and stated that he procured the false passport and

visa in Mali in order that he could come to the United States to find work.[1]

Fofana was issued a notice to appear, which listed Fofana as a citizen of Côte d'Ivoire, and removal proceedings began. Fofana filed an application for asylum, withholding of removal, and withholding of removal under the Convention Against Torture, claiming persecution in Côte d'Ivoire because of his political affiliation and religion. In May 2009, an Immigration Judge ("IJ") concluded that Fofana was not credible, failed to corroborate his statements, and was not statutorily entitled to asylum. The IJ also concluded that Fofana failed to satisfy the burdens necessary to support his claims for withholding of removal and withholding of removal under the Convention Against Torture. In her decision, the IJ focused particularly on Fofana's admission that he procured and presented false documents to gain entrance to the United States; discrepancies throughout his testimony; his incredible, and at times unresponsive testimony demeanor, regarding the persecution he suffered as a result of his political activities and religion; and discrepancies between his testimony and proffered documentary evidence. The IJ denied Fofana's applications and order him removed from the United States.

In a decision dated July 25, 2011, the BIA agreed with the IJ's findings and decision. However, the BIA remanded the matter to the IJ to determine a country or countries for removal pursuant to 8 C.F.R. § 1240.12(d).[2] The BIA noted that the Malian documents he presented that were deemed genuine and the documents he submitted in support of his claim of citizenship in Côte d'Ivoire, which could not be confirmed as genuine, contributed to the uncertainty of Fofana's citizenship. The BIA directed the IJ to determine whether removal to Mali or Côte d'Ivoire was proper. It does not appear that the IJ has yet identified a country or countries for removal. In August 2011, Fofana filed a motion for reconsideration that the BIA denied because he presented no persuasive legal arguments or identified a factual or legal aspect that was previously overlooked.

In June 2012, Fofana filed a motion to reopen based on changed circumstances arising in the country to which removal had been ordered. Fofana claimed that Mali devolved into a state of civil war following his previous proceedings before the BIA. Fofana claimed that based on the IJ's and BIA's previous decisions it was likely he would be removed to Mali and that he has a legitimate fear of persecution in Mali because as a citizen of Côte d'Ivoire he would be a foreigner in Mali that had used falsely procured Malian documents. The BIA determined that Fofana failed to establish that country conditions in Mali changed in a way that would affect his asylum case and because Fofana claimed citizenship in Côte d'Ivoire conditions in Mali were of limited consequence to Fofana's asylum claim. The BIA concluded that Fofana's motion to reopen was untimely because it was filed more than ninety days after the final order of removal and he had failed to meet the requirements of the changed country conditions exception. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii).

---

1. A forensic document examiner deemed the Malian passport and visa authentic.

2. Section 1240.12(d) states that "[w]hen a respondent is ordered removed from the United States, the immigration judge shall identify a country, or countries in the alternative, to which the alien's removal may in the first instance be made, pursuant the provisions of section 241(b) of the Act."

Fofana then filed a petition for review and motion to stay removal. The Attorney General of the United States opposes the stay motion and filed a motion to summarily affirm the BIA's denial of the motion to reopen and a motion to stay the briefing schedule.

## II.

The BIA dismissed Fofana's appeal from the IJ's decision and remanded to the IJ to identify a country for removal and the IJ has not yet done so. Nevertheless, there is a final order of removal and we have jurisdiction to review the BIA's denial of Fofana's motion to reopen pursuant to 8 U.S.C. § 1252(a). *See Yusupov v. Att'y Gen. U.S.*, 518 F.3d 185, 195–96 (3d Cir. 2008); *see also Lazo v. Gonzales*, 462 F.3d 53, 54 (2d Cir.2006) ("[T]he statutory requirement of an order of removal is satisfied when ... the IJ *either* orders removal or concludes that an alien is removable."); *Del Pilar v. Att'y Gen.*, 326 F.3d 1154, 1156–57 (3d Cir.2003) (holding that the BIA's remand to the IJ solely for alien to designate a country of removal was a final order of removal).[3] Only the BIA's decision denying Fofana's motion to reopen is properly before the Court at this time. *See Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). We review the BIA's denial of a motion to reopen for abuse of discretion. *Guo v. Ashcroft*, 386 F.3d 556, 562 (3d Cir.2004). The BIA's decision will be upheld unless it was "arbitrary, irrational, or contrary to law." *Tipu v. INS*, 20 F.3d 580, 582 (3d Cir.1994) (internal quotation marks omitted). This Court defers to BIA factual determinations "if they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Wong v. Att'y Gen.*, 539 F.3d 225, 230 (3d Cir.2008) (internal quotation marks omitted).

## III.

A motion to reopen must be filed no later than ninety days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(c)(i). In this case, the BIA denied Fofana's motion to reconsider on December 30, 2011. Fofana filed his motion to reopen on June 14, 2012, well over the ninety-day limit. Nevertheless, Fofana sought to invoke the "changed circumstances" exception to the ninety-day period. A motion to reopen filed under this exception must be based on a change in country conditions "arising in the country of nationality or the country to which removal has been ordered" and be supported with evidence that "is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(c)(ii).

In its denial of the motion to reopen, the BIA highlighted "inconsistencies as to the critical elements of [Fofana]'s identity and nationality." The BIA focused on the tension between Fofana's claim of Côte d'Ivoire as his country of nationality, a claim which he renewed in his motion to reopen, and the genuine Malian passport and visa that he held and presented to passport control at John F. Kennedy Airport, which he has disavowed as fraudulent. The BIA noted that if Fofana's claim of Côte d'Ivoire citizenship is accepted, country conditions in Mali are not material

---

**3.** In his petition for review Fofana claimed that we have jurisdiction pursuant to 28 U.S.C. § 2241 and that venue is properly determined by § 2241. Section 2241 details, among other things, a court's jurisdiction to hear applications for a writ of habeas corpus. There is no indication that in this case we have jurisdiction pursuant to § 2241 and we will assume its mention was in error and exercise jurisdiction under § 1252(a).

to his claim. Further, the BIA stated that even if country conditions in Mali are deemed relevant to Fofana's claims, he did not establish that country conditions or circumstances have changed in Mali since the time of his previous proceeding in a way that affects his asylum claim. We discern no abuse of discretion in the BIA's decision.

In his petition for review Fofana claimed that the BIA violated his due process rights because it failed "to permit the Petitioner to demonstrate how he would either face persecution in his own native country, or in Mali if erroneously returned to that country." The record shows that throughout the course of his removal proceedings before the IJ and the BIA Fofana was granted the necessary due process and was repeatedly heard in a meaningful manner at meaningful times. *See Dia v. Ashcroft,* 353 F.3d 228, 238–39 (3d Cir. 2003) (explaining what due process aliens are entitled to during deportation proceedings). In light of our review of the record and Fofana's failure to make a particularized allegation of a specific violation of his due process rights during his removal proceedings, we find that this unsupported claim is not meritorious.

## IV.

Accordingly, we grant the motion of the Attorney General and deny the petition for review. We deny as moot the Attorney General's motion to stay the briefing schedule and Fofana's motion to stay removal.